COMMONWEALTH vs. VINCENT J. FLEMMI.

Suffolk.   October 4, 1971. — December 31, 1971.

Present: TAURO, C.J., CUTTER, REARDON, QUIRICO, & HENNESSEY, JJ.

*Practice, Criminal,* Presence of defendant at trial.  *Waiver.  Constitutional Law,* Confrontation of witnesses.

Where trial on indictments for felonies had been underway with the
defendant present until the defendant voluntarily absented himself, the defendant waived his right to confrontation under the
Sixth Amendment of the United States Constitution and trial could
be continued in his absence. |694–695|

INDICTMENTS found and returned in the Superior Court
on January 7, 1970.

The cases were tried before *Hudson,* J., and a subsequent motion was heard by him.

*John P. White, Jr.* (*Nelson S. Baker* with him) for the
defendant.

*Jack I. Zalkind,* Assistant District Attorney, for the
Commonwealth.

TAURO, C.J.   The defendant was tried, convicted and
sentenced on indictments charging assault with intent to
murder, assault by means of a dangerous weapon and unlawful carrying of a firearm.

The trial on all the indictments began March 13, 1970,
and on March 18, 1970, motions for directed verdicts were
denied.   On Friday, March 20, 1970, the defendant, without explanation, did not appear in court.   The court recessed the case to the following Monday, March 23, at
which time a hearing was held and police officers testified
as to their unsuccessful efforts to locate the defendant.   The
judge defaulted the defendant after finding that he had
voluntarily absented himself and the trial continued without him.   On March 23 jury verdicts of guilty on all in-

dictments were returned. The defendant was apprehended on October 28, 1970. A hearing was held on December 1, 1970, on the defendant's motion to remove the defaults and in the alternative for a new trial. The motion was denied and sentences were imposed.[1]

The issue raised on appeal is whether the defendant was denied his "rights of confrontation and [d]ue [p]rocess." There was no error. The general rule is that a trial for a felony cannot proceed without the presence of the accused. *Commonwealth* v. *McCarthy*, 163 Mass. 458. *Commonwealth* v. *Ventura*, 294 Mass. 113. *Lewis* v. *United States*, 146 U. S. 370, 372. G. L. c. 278, § 6. An exception to the rule occurs when a defendant, who is not in custody, voluntarily absents himself from the trial after it has begun in his presence. This operates as a waiver of the right to be present at the trial, and the court may proceed without the defendant. *Commonwealth* v. *McCarthy, supra.* See *Commonwealth* v. *Snyder*, 282 Mass. 401, affd. sub nom. *Snyder* v. *Massachusetts*, 291 U. S. 97, 105–106. *Diaz* v. *United States*, 223 U. S. 442, 455. Wright, Federal Practice and Procedure, § 723. See Rule 43 of the Federal Rules of Criminal Procedure, 18 U. S. C. Appendix (1970). The Supreme Court of the United States in *Illinois* v. *Allen*, 397 U. S. 337, 342–343, stated that the Sixth Amendment right to confrontation does not mean that a criminal trial can never proceed without the defendant. It stated, quoting from *Snyder* v. *Massachusetts, supra*, at 106, "No doubt the privilege [of personally confronting witnesses] may be lost by consent or at times even by misconduct."

The defendant was afforded a hearing where the question of the voluntariness of his absence was examined. The

---

[1] At the hearing on the motions the defendant testified that he left his home on March 20 with the intention of going to court but was approached by two men whom he believed to be police officers and was told that his case had been continued. He then rode with them and was let out of the car in Holyoke at approximately 11 A.M. He further testified that he was in fear of his life and was afraid to go to the court room for fear of being killed. The defendant failed to inform the police or the district attorney's office upon his apprehension of the alleged kidnapping nor did he communicate with his attorney or the court about the alleged incident.

trial judge refused to believe the defendant's story. No more was required. *United States* v. *Partlow*, 428 F. 2d 814 (2d Cir.). See *Cureton* v. *United States*, 396 F. 2d 671, 676 (D. C. Cir.). *Gaither* v. *United States*, 413 F. 2d 1061, 1080–1081 (D. C. Cir.).

*Judgments affirmed.*