Joseph Jaspan, J.
The defendant was tried in absentia and convicted by a jury of the crime of criminal sale of a controlled substance in the third degree, a class A III felony.
By timely motions for a mistrial, the defendant, through his counsel, has raised the issue as to whether he could be so tried inasmuch as his flight from the jurisdiction of the court took place before the complete panel of 12 jurors had been selected and sworn.
The motions have been denied, and this opinion formalizes the oral decisions rendered from the bench at the time.
The case was moved for trial by the District Attorney on December 9, 1974, and the defendant’s counsel, in the presence of the defendant, answered, “ Ready ”.
The jury selection process began and at the close of that working day nine jurors had been selected and sworn and three others were in the “box” awaiting the continuation of the voir dire. The case was recessed to 10:00 a.m. the following day, December 10,1974, and the defendant, who was not detained, was specifically directed to return at that time.
On December 10, 1974, the defendant failed to appear. His counsel was instructed to call the defendant’s home and inquire as to the reason for his failure to appear. Counsel advised the court that a woman, who he believed to be the defendant’s wife, answered the phone and said the defendant did not return home the night before and that his whereabouts were unknown. At 11:30 a.m., the case was recessed to 2:00 p.m. At 2:00 p.m., counsel for the defendant was again instructed to call defendant’s home, which he did, with the same result. The defendant *61 had not been heard from. The defendant did not appear at any time during the day or otherwise communicate with the court or his attorney. Counsel stated that he had no information as to the whereabouts or intent of the defendant and could offer no explanation for his absence.
The defendant’s counsel moved for a mistrial. The District Attorney moved that the trial continue. The court denied the motion of counsel for the defendant for a mistrial on the ground that the case having been moved for trial with the consent of both parties, it should not now be aborted by the unilateral and willful act of the defendant which defies and tends to weaken the judicial process and impair the effectiveness of the court and that said conduct constituted a waiver of (his right to be present at every stage of the trial.
The jury panel was reconvened and was advised not to speculate as to the reason for defendant’s absence nor to infer any guilt from that fact.
The jury selection then continued in the presence of defendant’s counsel who took no further active part in its selection. The District Attorney opened to the jury and the defense said it ‘ ‘ stood mute ’ ’ which was not inconsistent with the preliminary instructions given to the jury that the People must open and must prove their case and the defendant need not make an opening statement and did not have to prove his innocence.
The court then excused the jury until the following morning.
The defense renewed its motions for a mistrial and asked for a hearing on the issue of defendant’s conduct. Decision was reserved until 10:00 a.m. on December 11, with instructions to the defendant’s attorney to make further inquiry as to the whereabouts of the defendant, and with a direction to the People to have the Police Department make an immediate inquiry on the same subject.
When the case was called on December 11, defendant’s counsel advised the court that he had no further information concerning the defendant’s absence. The Assistant District Attorney reported that a visit to the defendant’s home by three police officers elicited the information that when defendant returned there on the afternoon of Monday, December 9, he packed his bags and left.
Since the defense counsel had asked for a hearing as to the reason for defendant’s absence, he was given the opportunity to challenge this report or at least request that the police officers take the witness stand to give their report under oath. Counsel for the defendant made no such request and indicated that he *62 would stand mute, urging that the continuation of the trial was prejudicial to the rights of the defendant.
In view of the fact that no offer was made to prove that defendant had any excuse for his absence, no formal hearing was, held on that issue.
The motions for a mistrial were denied from the bench with a statement of the reasons therefqr,' but with a further indication that a formal opinion consistent with its oral ruling would be filed.
I. WAIVER OP SIXTH AMENDMENT RIGHTS
A defendant charged with a felony not punishable by death may waive his Sixth Amendment rights to be present at every stage of the trial and to confront the witnesses against him (People v. Johnson, 45 A D 2d 1030).
These rights may be lost-and are deemed waived when the defendant engages in misconduct so disruptive that the trial cannot properly proceed with him in the courtroom (Illinois v. Allen, 397 U. S. 337, 338, codified as CPL 260.20; People v. Byrnes, 33 N Y 2d 343), when he deliberately refuses to come into the courtroom after due request (People v. Epps, 46 A D 2d 890), or where the defendant voluntarily and knowingly absents himself from the trial (United States v. Tortora, 464 F. 2d 1202, cert. den. sub nom. Santoro v. United States, 409 U. S. 1063).
In Tortora, the defendant failed to appear in court for the scheduled opening of his trial, and he subsequently argued that no trial could begin in his-absence and that his conviction in absentia was unconstitutional and in violation of his statutory rights.
The United States Court of Appeals, in rejecting the defendant’s contention, wrote (p. 1208): “Like any constitutional guaranty, the defendant’s right to be present at trial may be waived, Snyder v. Massachusetts, 291 U. S. 97, 106, 54 S. Ct. 330, 78 L. Ed. 674 (1934), even if that waiver is implied from the defendant’s conduct, Illinois v. Allen, 397 U. S. 337, 90 S. Ct. 1057, 25 L. Ed. 2d 353 (1970). The Supreme Court had long held that a defendant who knowingly absents himself from the courtroom during trial ‘leaves the court free to proceed with trial in like manner and with like effect as if he were present.’ Diaz v. United States, 223 U. S. 442, 455, 32 S. Ct. 250, 254, 56 L. Ed. 500 (1912). Although to date, with'the exception of the courts of onq state, see State v. Tacon, 107 Ariz. 353, 488 P. 2d 973 (1971), cert, granted, 407 U. S. 909, 92 S. Ct. 2446, 32 L. Ed. *63 2d 682 (June 12, 1972), waiver has been found only if the defendant was present at least as late in the proceedings as the empanelment of the jury, we see no reason for a different result when the defendant absents himself, under the specific circumstances outlined herein, before the jury has been selected.”
In the instant case, the defendant attended through the first day of. the trial and was directed to return the next day. No excuse has been offered for his failure to appear. Indeed, all of the available information is consistent with the belief that the defendant willfully and deliberately absented himself to avoid the risk of trial. His conduct was designed to frustrate the judicial process and to render the State impotent to bring him to justice.
A deliberate failure to appear in court is a knowing and voluntary act and consequently supports a finding that the defendant knowingly and voluntarily waived his right to be present at all subsequent stages of the trial.
n. EFFECT OF GPL 1.20 (SUED. 11)
The defense urges, however, that such a waiver may not be effective before the trial commences within the meaning of CPL 1.20 (subd. 11).
This section defines “ trial ” as follows: “ A jury trial commences with the selection of the jury ’
CPL 1.20 (subd. 11) and its companion, CPL 40.30 were amended in 1974 to conform to the apparent ruling in Illinois v. Summerville (410 U. S. 458) that double jeopardy attaches when a criminal trial commences before a Judge or jury, and this point has arrived when a jury has been selected and sworn even though no evidence has been taken.
In this case, only nine jurors had been selected and sworn and the trial had not commenced within the meaning of the quoted section.
But the issue in this case is not double jeopardy, and the defendant would be the least likely party to urge a course of conduct designed to protect the People against the impact of the double jeopardy provisions of our law (CPL, art. 40).
The issue is whether a waiver of the defendant’s rights under the Sixth Amendment may be effected before a trial reaches the stage when double jeopardy may ordinarily attach. The answer is clearly stated in Tortora (464 P. 2d 1202, supra), where the waiver was held effective after defendant had adequate notice of the charges and proceedings begun against him but even before the first juror was selected.
*64 It should also ¡be noted that if the court were to sustain the argument of the defendant, CPL 260.20, which provides for trial in the absence of a disorderly and disruptive defendant, would be constitutionally infirm. That section draws no distinction between removal of the disruptive defendant before or after a jury is sworn. It can be done at any time without impairing the validity of a determination that defendant has waived his Sixth Amendment rights.
There is a unity to the trial proceedings which compels the conclusion that no distinction can be drawn within the parameters of this case between a waiver of Sixth Amendment rights exercised before or after the selection of the twelfth juror.
m. THE ISSUE OF PREJUDICE TO THE RESPECTIVE RIGHTS OF THE PEOPLE AND THE DEFENDANT
It is urged in support of the motion for a mistrial that the People would not be prejudiced since the witnesses are police officers readily available to testify at a future date. It is further argued that in the absence of the defendant his counsel cannot undertake a rational or believable defense in a case where the defense must remain fluid and its scope depends upon contemporary conferences with the defendant.
It is true that the ability to defend against the charges are seriously impaired by defendant’s flight. But this is the product of his own action and he cannot be heard to complain with respect to the natural consequences of his conduct. The courts can only ensure every safeguard for the rights of the defendant to the extent that the defendant makes that possible.
On the other hand, the People argue with merit that memories dim and identifications become less positive with the passage of time. Nor is there any guarantee that one or more key witnesses will always be available.
If the delay involved in the granting of a mistrial were measurable and of limited duration, the People would suffer little or no prejudice.
In this case, however, there is no indication that the defendant will shortly make himself available or will soon be apprehended. The flight leads to the opposite conclusion, and apprehension after flight is remote and distant.
In the City of New York there are about 300,000 outstanding bench warrants, and the number issued each week exceeds the number successfully executed. A small warrant squad is incapable of coping with the problem of that magnitude. Experience in this court has indicated that a “ bail jumping ” or “ parole *65 jumping ” defendant is secure in Ms escape unless he is later arrested for some other charge. In such an event there is a probability but no certainty that the prior bench warrant will be indicated on a computer or available warrant squad records. Years elapse between the issuance of bench warrants and their execution, even in cases where the defendant remains in the community, and even when he continues to live with close relatives, and sometimes even when he is in custody for other offenses.
The flight of a defendant does render him subject to further indictment for that offense, but is rarely used and hardly constitutes a serious threat to the person involved. Unfortunately for the judicial system of the City of New York, flight is a relatively safe way to avoid trial.
In Tortora (464 F. 2d 1202, 1209, supra) the court dealt with the issue of an arrest for bail jumping and said: 11 That a defendant can be convicted of bail-jumping if he fails to appear at trial is not sufficient to vindicate the public interest; the public is entitled to a speedy disposition of the criminal charges absent a finding by the court that good reasons exist for delay. ‘ Thus there can be no doubt whatever that the governmental prerogative to proceed with a trial may not be defeated by conduct of the accused that prevents the trial from going forward. ’ Illinois v. Allen, supra, 397 U. S. at 349, 90 S. Ct. at 1063 (Brennan, J., concurring). A defendant’s knowing and deliberate absence does not deprive the court of the power to begin the trial and to continue it until a verdict is reached. ’ ’
The defendant has availed himself of one of the weaknesses in the structure of our judicial system, the ineffectiveness of the bench warrant. He would now compound that weakness by stating that by reason of his use of this ‘ ‘ judicial sieve ’ ’ the State is impotent and may not proceed against him.
The public interest permits of a holding against the defendant on this issue.
IV. THE PUBLIC INTEREST
If no public interest were involved in this case, there would be no need to spell out a waiver of a fundamental constitutional right on the part of the defendant.
But inherent in the preceding language in this opinion is the belief and finding that the public interest is best served by denying to an accused defendant the right to escape or delay prosecution by conduct clearly in violation of a direction of the *66 Court and clearly in violation of an obligation to abide by the terms under which he was released on parole.
v. CONCLUSION
The facts in this case dictate the conclusion that the defendant willfully and deliberately absented himself from the trial of the criminal charges against him after due notice of those charges and that he waived his constitutional right to be present at every stage of the trial. Accordingly, the trial could proceed in absentia even though only nine jurors had -been selected and sworn at the time of defendant’s flight.