RONNY FIELDS

*v.*

WILLIAM WHYTE, *Superintendent,*

*Huttonsville Correctional Center*

(No. 14056)

Decided March 28, 1978.

*P. Nathan Bowles, Jr., Bowles, McDavid, Graff & Love,* for relator.

*Chauncey H. Browning,* Attorney General, *Pamela Dawn Tarr,* Assistant Attorney General, for respondent.

PER CURIAM:

In this original habeas corpus proceeding, relator contends that his constitutional right to be present during all critical stages of his criminal proceedings was violated. West Virginia Constitution, Article III, Section 14. He claims that the record demonstrates that he was not

present when proposed instructions were discussed by the court and counsel in the court's chambers.

This Court discussed rather extensively the constitutional right of a defendant to be present during the critical stages of a criminal proceeding in the recent cases of *State v. Boyd*, W.Va., 233 S.E.2d. 710 (1977), and *State ex rel. Grob v. Blair*, W.Va., 214 S.E.2d 330 (1975). The Sixth Syllabus of the *Boyd* case reads:

> "The defendant has a right under Article III, Section 14 of the West Virginia Constitution to be present at all critical stages in the criminal proceeding; and when he is not, the State is required to prove beyond a reasonable doubt that what transpired in his absence was harmless."

The State does not contest this law, but maintains that the petitioner's allegation is not true. While the court reporter's transcript does not specifically show that relator was present at the time the instructions were discussed in the court's chambers, the State has submitted to this Court affidavits of the presiding judge, the prosecuting attorney who prosecuted the case, and relator's trial counsel, all of whom aver that relator was present at the time the instructions were discussed in chambers. The veracity of these affidavits is not contested by the relator, except in the petition.

We further note from the trial transcript that on one occasion during the trial the court initiated a conference in chambers regarding the court's keeping temporary custody of one of the State's exhibits. In the midst of the discussion with counsel, the court observed that relator was not present and immediately summoned him into chambers and proceeded to acquaint him with what had transpired during his absence. It then admonished him not to absent himself from such conferences.

Certainly this incident provides a further persuasive indication that the trial court was aware of and meticulously sought to comply with the rule that the defendant must be present at the critical stages of the criminal proceeding. We therefore find that defendant has failed

to establish factually that his constitutional right of presence was violated.

Relator's counsel filed an amended petition for writ of habeas corpus in which additional errors are claimed to have been committed during the trial. Although we commend court-appointed counsel for his diligence in seeking to fully represent his client's interests, the assigned errors in the amended petition do not reach a constitutional magnitude, and are therefore not reviewable in this habeas corpus proceeding. *State ex rel. McGilton v. Adams*, 143 W. Va. 325, 331, 102 S.E.2d 145, 148 (1958).

For the reasons stated above, the writ of habeas corpus is denied.

*Writit denied.*