STATE OF WEST VIRGINIA

*v.*

JAMES WINSTON TILLER

(No. 15186)

Decided December 15, 1981.

*H. Truman Chafin* for appellant.

*Chauncey H. Browning,* Attorney General, *and Laurie J. Garrigan,* Assistant Attorney General, for appellee.

MILLER, JUSTICE:

James Winston Tiller appeals from an order of the Circuit Court of Mingo County entered on July 30, 1980, sentencing him to confinement in the State Penitentiary for a period of not less than five or more than eighteen years. This order followed a jury verdict of guilty of murder in the second degree.

Defendant's sole allegation is that the trial court committed reversible error when it denied his motion for a new trial based on his absence during various stages of his trial. Among others, these absences include a pretrial hearing, certain conferences at the bench, and a conference in chambers during which instructions were discussed. For reasons more fully elaborated, we decline to reverse.

We have recognized that both by statute, *W. Va. Code*, 62-3-2,[1] and under the Sixth Amendment to the United States Constitution, and Article III, Section 14 of the West Virginia Constitution,[2] the defendant has a fundamental

---

[1] The material part of *W. Va. Code*, 62-3-2, is: "A person indicted for felony shall be personally present during the trial therefor."

[2] The Sixth Amendment of the United States Constitution and Article III, Section 14, of the Constitution of West Virginia contain similar language in what is commonly referred to as the "confrontation clause." The Sixth Amendment states: "In all criminal prosecutions, the accused shall . . . be confronted with the witnesses against him. . . ." Under Article III, Section 14 of our Constitution, this right is extended to "[t]rials of crimes, and misdemeanors." In *State v. Eden,* 163 W. Va. 370, 256 S.E.2d 868 (1979), we recognized the right of presence at misdemeanor trials.

right to be present during the trial of a criminal case. *State v. Boyd,* 160 W. Va. 234, 233 S.E.2d 710 (1977); *State ex rel. Grob v. Blair,* 158 W. Va. 647, 214 S.E.2d 330 (1975). A number of our earlier cases are collected in *State v. Vance,* 146 W. Va. 925, 124 S.E.2d 252, 259 (1962).

In *Grob,* we addressed for the first time the correlation between the statutory right of presence and our constitutional right of confrontation and found the two equivalent, stating in Syllabus Point 2:

> "Correlative with the constitutional right of confrontation is the right of presence which requires that an accused charged with a felony shall be present in person at every critical stage of a criminal trial where anything may be done which affects the accused; the right of presence, originating in the common law, is secured to an accused by W. Va. Code 1931, 62-3-2."

*Grob* was also the first "presence" case in which this Court recognized that the right of presence was subject to the doctrine of harmless constitutional error. In Syllabus Point 7, we overruled some of our prior cases which had held the right to be absolute.[3] In *State v. Boyd, supra,* we followed the principle set forth in *Grob* and concluded that the right of presence extended to any critical stage of the criminal proceeding. "Critical stage" was defined as a proceeding "where the defendant's right to a fair trial will be affected." 233 S.E.2d at 719.[4]

---

[3] Syllabus Point 7 of *State ex rel. Grob v. Blair, supra,* states:
"Insofar as the decisions of State ex rel. Boner v. Boles, 148 W. Va. 802, 137 S.E.2d 418 (1964); State v. Vance, 146 W. Va. 925, 124 S.E.2d 252 (1962); State v. Grove, 74 W. Va. 702, 82 S.E. 1019 (1914) and State v. Sheppard, 49 W. Va. 582, 39 S.E. 676 (1901), held that the commonlaw/statutory right of presence is inalienable and cannot be waived, such decisions are disapproved; an accused, by declaration and conduct, may waive a fundamental right protected by the Constitution if it is demonstrated that such waiver was made knowingly and intelligently."

[4] The full text of *Boyd* on this point is:
"We conclude that a critical stage in the criminal proceeding is one where the defendant's right to a fair trial will be affected. Certainly, *Spaulding v. Warden, supra,* [158 W. Va. 557, 212 S.E.2d

In *Fields v. Whyte,* 161 W. Va. 382, 242 S.E.2d 463 (1978), we concluded that the State could by appropriate post-trial proof rebut an allegation made by a defendant that he was absent during a critical stage of the criminal proceeding. This conclusion followed from a realization that a trial transcript will not always show the defendant's exact whereabouts at bench conferences or hearings in chambers and that the State ought to be able to establish this fact independent of a silent record.[5]

Our law in regard to presence has developed to some extent without a determination of how other courts have handled this problem. The United States Supreme Court initially adopted the rigid position, relying on English common law, that the right of presence could never be waived. Consequently, if the defendant was absent, the proceedings were nullified.[6] *Hopt v. Utah,* 110 U.S. 574, 4 S.Ct. 202 28 L.Ed. 262, (1884). Subsequently, in *Diaz v. United States,* 223 U.S. 442, 32 S.Ct. 250 56 L.Ed. 500, (1912), the Supreme Court concluded there could be a

---

619 (1975)] teaches that if a preliminary hearing is held, it is a critical stage. Pretrial hearings involving substantial matters of law or testimony of witnesses would be deemed critical .... Generally, all matters starting with the commencement of the actual trial require the presence of the accused through final judgment." 160 W. Va. at 246-247, 233 S.E.2d at 719.

[5] Another approach, where the record is silent as to defendant's presence, is to remand for further evidentiary development on the matter under *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774 12 L.Ed.2d 908, (1964). This is an approach other courts have followed. *E.g., Wade v. United States,* 441 F.2d 1046 (D.C. Cir. 1971); *Cureton v. United States,* 396 F.2d 671 (D.C. Cir. 1968); *State v. Cook,* 115 Ariz. 146, 564 P.2d 97 (1977). We have adopted the *Jackson v. Denno* principle in the following cases. *State ex rel. White v. Mohn,* ___ W. Va. ___, 283 S.E.2d 914 (1981). *State v. Clawson,* ___ W. Va. ___, 270 S.E.2d 659 (1980); *State v. Lawson,* ___ W. Va. ___, 267 S.E.2d 438 (1980); *State v. Brewster,* ___ W. Va. ___, 261 S.E.2d 77 (1979).

[6] The English common law became codified in this country in statutes similar to *W. Va. Code,* 62-3-2. The English common law is discussed by H. Lehman, *Critical Survey of Certain Phases of Trial Procedure in Criminal Cases,* 63 Univ. Penn. L. Rev. 609, 619 (1915). *See also,* Comment, *Presence of Accused at Trial,* 65 W. Va. L. Rev. 50 (1962).

waiver of the right of presence so long as the defendant was not charged with a capital offense or in custody.

Finally, in *Taylor v. United States*, 414 U.S. 17, 94 S.Ct. 194 38 L.Ed.2d 174, (1973), in a unanimous per curiam opinion, the Supreme Court held that a defendant in a noncapital felony trial, who was not in custody, and who initially appeared at the trial but then voluntarily absented himself for the remainder of the trial, could not successfully claim that his right to be present had been violated. It was argued in *Taylor* that without an express warning to the defendant concerning his right to be present his voluntary absences could not constitute a waiver of his right to be present, because under *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, (1938), a waiver of a constitutional right could not be implied. *Johnson* required the knowing and intentional relinquishment of a constitutional right. The Supreme Court rejected this argument.[7] Other courts have followed the

---

[7] The statement from *Taylor, supra,* on this point is:

"The right at issue is the right to be present, and the question becomes whether that right was effectively waived by his voluntary absence. Consistent with Rule 43 and Diaz, we conclude that it was.

"It is wholly incredible to suggest that petitioner, who was at liberty on bail, had attended the opening session of his trial, and had a duty to be present at the trial, see Stack v. Boyle, 342 U.S. 1, 4-5, 96 L.Ed. 3, 72 S. Ct. 1 (1951), entertained any doubts about his right to be present at every stage of his trial." 414 U.S. at 20, 94 S.Ct. at 196 38 L.Ed.2d at 178.

Rule 43 of the Federal Rules of Criminal Procedure cited in *Taylor* provides in pertinent part:

"RULE 43. *Presence of the Defendant*

"(a) *Presence Required.* The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.

"(b) *Continued Presence Not Required.* The further progress of the trial to and including the return of the verdict shall not be prevented and the defendant shall be considered to have waived his right to be present whenever a defendant, initially present,

*Taylor* view, holding that where the case is noncapital and the defendant is at liberty on bail, his voluntary absence after an initial appearance will constitute a waiver of his right to be present. *E.g., United States v. Martinez,* 604 F.2d 361 (5th Cir. 1979), *cert. denied,* 444 U.S. 1034, 100 S.Ct. 708 62 L.Ed.2d 671, (1980); *United States v. Marotta,* 518 F.2d 681 (9th Cir. 1975); *Davis v. Campbell,* 465 F.Supp. 1309 (E.D. Ark. 1979), *modified,* 608 F.2d 317; *State v. Cook,* 115 Ariz. 146, 564 P.2d 97 (1977); *People v. White,* 18 Cal.App.3d 44, 95 Cal. Rptr. 576 (1971); *Byrd v. Ricketts,* 233 Ga. 779, 213 S.E.2d 610 (1975), *cert. denied,* 422 U.S. 1011, 95 S.Ct. 2636 45 L.Ed.2d 675; *People v. Pace,* 34 Ill. App.3d 440, 339 N.E.2d 785 (1975); *People v. Stubbs,* 25 Ill.App.3d 181, 323 N.E.2d 26 (1974); *People v. Steenbergen,* 31 Ill.2d 615, 203 N.E.2d 404 (1965), *cert. denied,* 382 U.S. 853, 15 L.Ed.2d 92, 86 S.Ct. 104; *State v. Kelley,* 213 Kan. 237, 515 P.2d 1030 (1973); *Bell v. State,* 48 Md. App. 669, 429 A.2d 300 (1981); *Commonwealth v. Flemmi,* 360 Mass. 693, 277 N.E.2d 523 (1971); *Commonwealth v. Diehl,* 378 Pa. 214, 107 A.2d 543 (1954); *Zambrano v. State,* 478 S.W.2d 500 (Tex. Crim. App. 1972); *cf. United States v. Ford,* 632 F.2d 1354 (9th Cir. 1980), *cert. denied,* 450 U.S. 934, 67 L.Ed.2d 369, 101 S.Ct. 1399 (1981); Annot., 23 A.L.R.2d 456 (1952).[8]

The reason for this rule is rather obvious. A defendant who is free on bail is not hampered in his ability to attend the trial, whereas the defendant in custody must depend

---

"(1) voluntarily absents himself after the trial has commenced (whether or not he has been informed by the court of his obligation to remain during the trial), . . ."

Rule 43 of the West Virginia Rules of Criminal Procedure, effective October 1, 1981, varies slightly from the Federal Rule in that it permits a waiver of presence based on a voluntary absence when defendant was initially present and "voluntarily absents himself after the trial has commenced where he has been initially informed by the court of his obligation to remain during all stages of the trial; . . ."

[8] Some courts have applied this rule to a defendant, free on bail, who has been notified of the trial date but fails to appear. *Commonwealth v. Flemmi,* 360 Mass. 693, 277 N.E.2d 523 (1971). If the defendant is ill and thus unable to appear, ordinarily this action does not constitute a voluntary absence. *United States v. Pastor,* 557 F.2d 930 (2nd Cir. 1977).

on his custodians to make him physically present. More-over, there is the recognition that a person, free on bail, by his voluntary absences could largely control the setting of trial proceedings.

Admittedly, most of the foregoing cases involve a defend-ant, free on bail, who after his initial trial appearance voluntarily leaves the trial and does not return. Our situation is somewhat different in that Tiller generally appeared at his trial but apparently absented himself for short periods during it. There are, however, cases where the courts have applied the voluntary absence rule to various in chamber or bench conference hearings where the defendant was not present and there was no indica-tion that there had been any attempt to exclude him. *E.g., Davis v. Campbell,* 465 F.Supp. 1309 (E.D. Ark. 1979); *People v. Stubbs,* 25 Ill. App.3d 181, 323 N.E.2d 26 (1974); *Commonwealth v. Diehl,* 378 Pa. 214, 107 A.2d 543 (1954).

The record here shows that on Friday, March 28, 1980, defendant, who was free on bail, appeared in court along with his counsel for purposes of selecting a jury. Appar-ently, the court noted before trial that there were several outstanding motions. These proceedings were held in chambers and the motions were argued. The court took the motions under advisement and decided to postpone the trial until Monday, March 31, 1980.[9] Defendant was present at these proceedings. The parties then adjourned to the courtroom where the jury was advised that the trial was reset for the following Monday and the witnesses were put under bond to return on that day. The court then stated: "That will conclude these proceedings for now." After this, defendant apparently left the courtroom along with the witnesses and jurors.

Tiller's attorney then asked the court to take up a matter in chambers. The record of the meeting in cham-bers indicates that the defendant was absent from this conference. When in chambers, defense counsel expressed

---

[9] Because two witnesses were injured in an automobile accident over the weekend, the trial was continued until June 19, 1980.

his desire to interrogate two troopers concerning "some physical evidence (they) might or might not have." It appears that this evidence was related to some drug paraphernalia which the defense attorney acknowledged: "The State say[s] [it] is not going to introduce it, but we would like to know." The officers were then subjected to a brief interrogation concerning drug paraphernalia which they had found in a motel room, the ownership of which paraphernalia was unknown.

First, there is no contention made that this hearing involved a matter "where the defendant's right to a fair trial will be affected," which is the basic standard set in *State v. Boyd*, 160 W. Va. at 246, 233 S.E.2d at 719. The evidence of the drug paraphernalia was not offered by the prosecution but brought into the case by the defense attorney apparently as an attempt to link the victim with the use of drugs. Second, we also recognize that *Boyd* does not require the defendant's presence at all pretrial hearings:

> "Entry of routine orders filing motions or court orders involving clerical or administrative matters in connection with the criminal proceeding do not require the presence of the accused. Likewise, consultation between defense counsel, the prosecutor and the court prior to the actual trial are not deemed a critical stage." 160 W. Va. at 246, 233 S.E.2d at 719.

Finally, we believe that after defendant's initial appearance and subsequent departure at a pretrial hearing, his absence cannot be automatically charged as error. In *Boyd*, we recognized that the State has two defenses available to a claim of lack of presence:

> "The first is that the absence occurred at a non-critical stage of the criminal proceeding. The second is that even if at a critical stage, it was harmless error." 160 W. Va. at 247, 233 S.E.2d at 719.

It appears that while most courts conclude that a defendant's presence is required at a suppression hearing

where evidence is presented by both sides, the presence rule does not ordinarily apply to other types of pretrial hearings.[10] *E.g., United States v. Hurse,* 477 F.2d 31 (8th Cir. 1973), *cert. denied,* 414 U.S. 908, 94 S.Ct. 245, 38 L.Ed.2d 146, *United States v. Dalli,* 424 F.2d 45 (2nd Cir. 1970), *cert. denied,* 400 U.S. 821, 91 S.Ct. 39, 27 L.Ed.2d 49, *State v. Grey,* 256 N.W.2d 74 (Minn. 1977); 3 Wright, *Federal Practice and Procedure* § 721 (1969). In this case, the claim is even more attenuated since neither the court nor the prosecutor had any advance notice of the contents of defense counsel's motion and, therefore, had no opportunity to advise the defendant to be present. In these pretrial situations, where the defendant is released on bail, some obligation rests on defense counsel to ensure the presence of his client.

The defendant's absences during the trial consist of absences at some bench conferences, hearings in chambers and short portions of the trial which were procedural in nature.[11] In this regard, we have a record of the arguments and statements made at the post-trial hearing on motions filed by the defense attorney. In addition, we have affidavits of the court reporter, prosecuting attorney and trial judge. The affidavit of the court reporter demonstrates that during the first day of the trial, when the defendant failed to attend bench conferences, she approached the defendant at a recess and informed him that

---

[10] It should be noted that Rule 43 of our recently adopted Rules of Criminal Procedure, as well as Rule 43, Federal Rules of Criminal Procedure, contains a specific exemption from the presence rule "at a conference or argument upon a technical question of law not depending upon facts within the personal knowledge of the defendant." Rule 43(c)(3), West Virginia Rules of Criminal Procedure.

Rule 43, Federal Rules of Criminal Procedure, was revised in 1974 to reflect the ruling in *Illinois v. Allen,* 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353, (1970), *reh. denied,* 398 U.S. 915, 90 S.Ct. 1684, 26 L.Ed.2d 80 in which the Supreme Court dealt with the problem of presence and the obstreperous defendant. This problem does not confront us here.

[11] Tiller was absent from trial during (1) a motion for a continuance on March 28, 1980; (2) a discussion concerning absence of witnesses on June 16, 1980; and (3) proceedings to recognize witnesses back from a morning to afternoon session on June 16, 1980.

he should attend these conferences. Both the prosecutor and the trial judge stated on the record at the post-trial hearing that on several occasions Tiller had been summoned to attend trial proceedings, and that he did so reluctantly. It was the judge's finding at the post-trial hearing that defendant's conduct by way of his voluntary absences at trial constituted a voluntary waiver of his right to be present.

We agree and conclude that where a defendant in a noncapital case[12] is free on bail and is initially present at trial, and thereafter voluntarily absents himself after the trial has commenced, and where he has been informed of his obligation to remain during all stages of the trial, then such voluntary absence will be deemed a waiver of his right to be present.

For the foregoing reasons, the judgment of the Circuit Court of Mingo County is affirmed.

*Affirmed.*

---

[12] We utilize in this context the term "noncapital case" to mean a case not involving the death penalty. This is the same sense it is used by other courts in right-to-be-present cases. *E.g., Diaz v. United States,* 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500, (1912); *People v. Vega,* 80 Misc.2d 59, 363 N.Y.S.2d 214 (1974); *People v. Johnson,* 45 A.D.2d 1030, 357 N.Y.S.2d 892 (1974), *aff'd,* 37 N.Y. 2d 778, 375 N.Y.S.2d 97.