*Accord, United States v. Di Re*, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948); *Morei v. United States,* 127 F.2d 827 (6th Cir. 1942); *People v. Strong*, 21 Ill.2d 320, 172 N.E.2d 765 (1961); *State v. Devine*, 554 S.W.2d 442 (Mo. App. 1977); *State v. Harris*, 166 N.C. 243, 80 S.E. 1067 (1914); 1 Wharton's Criminal Evidence (13th Ed.) § 148 (1972); 29 Am.Jur.2d *Evidence* § 180 (1967 and supp.).

The court erred as a matter of law by failing to direct a verdict for Hinkle.

*Reversed.*

State Of West Virginia

*v.*

D. M. M.

(No. 14545)

Decided February 9, 1982.

*Robert K. Means* for plaintiff in error.

*Chauncey H. Browning*, Attorney General, and *Gregory W. Bailey*, Deputy Attorney General, for defendant in error.

HARSHBARGER, JUSTICE:

D.M.M. was convicted in Cabell County of an act of juvenile delinquency that would have been breaking and entering, had he been an adult.

At commencement of the second day of jury deliberations, the trial judge noted that D.M.M. was absent and was informed that he was in emergency surgery for a hand injury he suffered the night before. D.M.M.'s defense counsel equivocally waived his presence and his grandmother, his guardian, consented to continuing jury deliberations.[1] The judge answered a question by the

---

[1] The relevant colloquy was:

"THE COURT: All right. Do the attorneys feel like this causes any big problem in the case with the jury deliberating with the respondent not being present? He's a juvenile and, of course, I think under the adult system he would certainly have to be here when the jury returns the verdict. I really don't know if that applies to the juvenile proceeding or not but I think basically all the rights of adults would apply to juveniles and in all probability juveniles actually have more rights than adults do at this point.

"[COUNSEL]: I would like to inquire of Mrs. Goodrich.

"THE COURT: All right.

EXAMINATION

"[COUNSEL]: Is it your desire as his guardian that the deliberations continue today in the hope of a verdict?

"A. I kindly think it would be all right. I don't have no complaint as far as I know now.

"THE COURT: The only thing remaining left is for the jury to decide whether or not he's guilty.

"A. I would hate for him to have to go through all this again and I don't want to cost the State any more expense and I think we could

jury, which then returned to its deliberations, and found defendant guilty.

It was reversible error in this case for the judge to communicate with the jury and render a verdict in D.M.M.'s involuntary absence.

Our law requires a defendant's presence at all critical stages of trial unless he is voluntarily absent. W. Va. Const. art. III, §14; *State v. Eden*, 163 W.Va. 370, 256 S.E.2d 868 (1979), Syllabus Point 1; *State v. Boyd*, 160 W.Va. 234, 233 S.E.2d 710 (1977), Syllabus Point 6; *State ex rel. Grob v. Blair*, 158 W.Va. 647, 214 S.E.2d 330 (1975), Syllabus Point 2. This rule applies to misdemeanors as well as felonies in West Virginia. *State v. Eden, supra.* In applying the felony presence rule to misdemeanors, we stated:

> It seems basic to us that this right of presence afforded a person accused of a felony applies as well to a person accused of a misdemeanor. The same liberty and property interests are at stake;

---

abide by what they think if they have been in there debating. I think it might be just as well. I think I will be satisfied with it. I don't want to cause the State to be out any more expense and I would hate to have to go through all this again.

"[COUNSEL]: Your Honor, if this is a matter that can be waived by the juvenile, I will stipulate for the record I will waive it. If it is not a matter that can be waived, of course, I will not waive it. I'm not familiar with the law. This is not a trial on a felony but a petition.

"THE COURT: Our juvenile statute doesn't provide anything about it. They are void on it.

"[COUNSEL]: I will take the chances on it. At this stage there's nothing else his presence could add at this stage of the proceedings.

. . .

"THE COURT: I doubt if there is any law on this question. The statute requires he has a right to be tried by a jury and that's all it says. All right. We will just allow them to continue to deliberate and I will take up some matters that I have and if I get a chance I will try to check it out in the meantime. I think probably we are in pretty good shape.

"[COUNSEL]: Especially if they should acquit.

"THE COURT: If they acquit we won't have any problems.

"[COUNSEL]: I will reevaluate my position if they convict."

due process dictates that he be given the same rights.

*State v. Eden, supra*
256 S.E.2d, at 872 (1979).

A juvenile has "the same liberty" interest as an adult in criminal proceedings. Code, 49-5-1(d). A juvenile has a right to be present at all critical stages of Chapter 49, Article 5 proceedings.

Critical stages include "commencement of the actual trial . . . through final judgment." *State v. Boyd, supra* 233 S.E.2d, at 719. "A critical stage of a criminal proceeding is where the defendant's right to a fair trial will be affected." *State v. Tiller,* _____ W.Va. _____, 285 S.E.2d 371 (1981), Syllabus Point 2. Jury instructions and verdict rendition are critical stages. *See Schwab v. Berggren*, 143 U.S. 442, 12 S.Ct. 525, 36 L.Ed. 218 (1892) (wherein defendant's presence was critical at these stages but not appellate proceedings). *See generally* Annot., Absence of accused at return of verdict in felony case, 23 A.L.R.2d 456 (1952 and later case service); Annot., Accused's right, under federal constitution, to be present at his trial–SupremeCourt Cases, 25 L.Ed.2d 931 (1971); Annot., Giving, in accused's absence, additional instruction to jury after submission of felony case, 94 A.L.R.2d 270 (1964 and later case service); Annot., Power to try, in his absence, one charged with misdemeanor, 68 A.L.R.2d 638 (1959 and later case service).

*Tiller, supra,* focused on whether a defendant waived his right. A voluntary absence is deemed a waiver of the right to be present, whereas an involuntary absence cannot be a waiver. *Id.,* Syllabus Point 3. *Accord, Taylor v. United States*, 414 U.S. 17, 94 S.Ct. 194, 37 L.Ed.2d 174 (1973). D.M.M. was involuntarily absent and did not waive his right. *See State ex rel. J. M. v. Taylor,* _____ W.Va. _____, 276 S.E.2d 199, 203 (1981).

There is no evidence that D.M.M.'s grandmother or his attorney were acting on his instruction, and the court did not elicit testimony from either about whether they had consulted with the young man. At a minimum, an effective waiver of a presence right can only be made by

280

defense counsel when accompanied by testimony that a defendant has authorized counsel to continue in his absence. The right to be present at all critical stages belongs to a defendant, not his counsel.

*Reversed.*