# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 19-0860** (Harrison County 16-F-140-3 and 19-C-180-3)

**Raymond M.,**
**Defendant Below, Petitioner**

**FILED**

**November 4, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Raymond M., self-represented litigant, appeals the Circuit Court of Harrison County's September 17, 2019, order denying his motion to correct an illegal sentence under Rule 35(a) of the West Virginia Rules of Criminal Procedure.[1] The State of West Virginia, by counsel Andrea Neese Proper, filed a response. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in denying his Rule 35(a) motion to correct an illegal sentence and his motion for appointment of counsel.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted in the Circuit Court of Harrison County in 2016 on one count of second-degree sexual assault; five counts of sexual abuse by a parent, guardian, or custodian; five counts of incest; and four counts of first-degree sexual assault. Following a three-day trial held in April of 2017, petitioner was convicted of all counts charged in the indictment. In June of 2017, petitioner was sentenced to

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

consecutive terms of 10 to 25 years of imprisonment upon his conviction of second-degree sexual assault and 25 to 100 years of imprisonment upon his conviction of first-degree sexual assault, with the second of those terms to run concurrently with terms of imprisonment of 10 to 20 years for each conviction of five counts of sexual abuse by a parent, guardian, or custodian; 5 to 15 years of imprisonment for each conviction of five counts of incest; and terms of imprisonment of 25 to one 100 years for each of conviction of three additional counts of first-degree sexual assault

for an effective sentence of 35 to 100 years of imprisonment. *See State v. R.M.*, No 17-0646, 2018 WL 4908464, at *1 (W. Va. Oct. 10, 2018)(memorandum decision). Petitioner appealed his sentence to this Court, which was affirmed by memorandum decision. *Id.*

Subsequent to the denial of his appeal, petitioner filed a Rule 35(a) motion to correct an illegal sentence. In his motion, petitioner argued that the State impermissibly charged him with both sexual abuse by a parent, guardian, or custodian and incest. Petitioner contended that these crimes effectively had the same elements and that he should have been charged with either one crime or the other but not both. Petitioner requested that the circuit court grant him relief by appointing him counsel for the purpose of his motion, holding a hearing on the matter, and either granting him a new trial or vacating his sentences with regard to his incest charges.

By order entered September 17, 2019, the circuit court denied petitioner's Rule 35(a) motion and his accompanying motion for counsel. The circuit court found that none of petitioner's charges violated the proscription against double jeopardy. According to the circuit court, the West Virginia Legislature explicitly intended that sexual abuse by a parent, guardian, or custodian be a separate and distinct crime from general sexual offenses. Further, the circuit court noted that this Court previously held that first-degree sexual assault and incest do not constitute the same offense for the purposes of double jeopardy. *See State v. Ray*, 221 W. Va. 364, 371-72, 655 S.E.2d 110, 117-18 (2007). As such, the circuit court denied petitioner's Rule 35(a) motion and denied his request for appointment of counsel because his motion was "frivolous and is not a critical stage that would justify the appointment of an attorney." Petitioner appeals the September 17, 2019, order denying his Rule 35(a) motion and his motion for appointment of counsel.

This Court has established the following standard of review for a circuit court's ruling on Rule 35(a) motions:

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. Pt. 1, *State v. Head*, 198 W. Va. 298, 480 S.E.2d 507 (1996).

On appeal, petitioner first argues that the circuit court erred in denying his motion for appointment of counsel to assist with the filing of his Rule 35(a) motion. Petitioner contends that,

contrary to the circuit court's findings, he was at a "critical stage" of the proceedings because he was raising "multiple Double Jeopardy Constitutional violations." Petitioner correctly points out that Rule 44 of the West Virginia Rules of Criminal Procedure provides that "[e]very defendant who is unable to obtain counsel shall be entitled to have counsel assigned to represent him or her at every stage of the proceedings from initial appearance before the magistrate or the court *through appeal*, unless the defendant waives such appointment." (Emphasis added). Petitioner further acknowledges that "[a] critical stage of a criminal proceeding is where the defendant's right to a *fair trial* will be affected." *State v. Tiller*, 168 W. Va. 522, 285 S.E.2d 371 (1981) (emphasis added). However, petitioner fails to cite to any authority establishing that he was entitled to counsel at this post-appeal juncture. Clearly, petitioner's motion was beyond the appellate process and his right to a fair trial was not affected. Accordingly, we find that petitioner failed to establish that he was entitled to counsel, especially given that we find that his Rule 35(a) motion was without merit as more fully set forth below.

Petitioner secondly argues that the circuit court erred in denying his Rule 35(a) motion. According to petitioner, his sentence violates the proscription against double jeopardy as he was charged with and convicted of multiple counts of both incest and sexual abuse by a parent, guardian, or custodian, thereby incurring multiple punishments for the same offense.[2] Petitioner contends that these offenses require the same elements of proof and that one offense cannot be committed without committing the other offense. Petitioner avers that the case law relied upon by the circuit court was distinguishable and not applicable to his case. As such, petitioner contends that his sentence is illegal, and the circuit court erred in denying his Rule 35(a) motion.

This Court has determined that

> [t]he Double Jeopardy Clause of the Fifth Amendment to the United States Constitution consists of three separate constitutional protections. It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

Syl. Pt. 1, *State v. Gill*, 187 W. Va. 136, 416 S.E.2d 253 (1992).

A claim, like petitioner's, that "double jeopardy has been violated based on multiple punishments imposed after a single trial is resolved by determining the legislative intent as to punishment." *Id.* at 138, 416 S.E.2d at 255, syl. pt. 7.

---

[2]While petitioner does not appear to argue that his incest and first-degree sexual assault convictions violate the proscription against double jeopardy, we nevertheless note that this Court previously held that "[s]eparate convictions for first[-]degree sexual assault and incest, although they arise from the same act, do not constitute the same offense for purposes of the Double Jeopardy Clause of the West Virginia Constitution." Syl. Pt. 12, *State v. Ray*, 221 W. Va. 364, 655 S.E.2d 110 (2007). Accordingly, petitioner's convictions for these offenses do not violate the Double Jeopardy Clause.

In ascertaining legislative intent, a court should look initially at the language of the involved statutes and, if necessary, the legislative history to determine if the legislature has made a clear expression of its intention to aggregate sentences for related crimes. If no such clear legislative intent can be discerned, then the court should analyze the statutes under the test set forth in *Blockburger* . . . .

Syl. Pt. 6, in part, *State v. George W.H.*, 190 W. Va. 558, 439 S.E.2d 423 (1993) (citation omitted). The *Blockburger* test provides that

"[w]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932).

*Gill*, 187 W. Va. at 138, 416 S.E.2d at 255, syl. pt. 4.

Here, there was no double jeopardy violation as the legislature clearly intended that the offenses of incest and sexual abuse by a parent, guardian, or custodian be distinct for the purposes of punishment. Indeed, in *Gill* we held that

W.Va.Code, 61-8D-5(a) (1988), states, in part: "In addition to any other offenses set forth in this code, the Legislature hereby declares a separate and distinct offense under this subsection[.]" Thus, the legislature has clearly and unequivocally declared its intention that sexual abuse involving parents, custodians, or guardians, W.Va.Code, 61-8D-5, is a separate and distinct crime from general sexual offenses, W.Va.Code, 61-8B-1, et seq., for purposes of punishment.

187 W. Va. at 138, 416 S.E.2d at 25, syl. pt. 9. Further, we have specifically addressed whether convictions for incest and sexual abuse by a parent, guardian, or custodian arising out of the same incident violate the Double Jeopardy Clause. In *George W.H.*, we held that

the legislature specifically directed that [sexual abuse by a parent, guardian, or custodian] be considered separate from other offenses in the Code. We, therefore, hold that the defendant's convictions under W.Va.Code, 61-8-12, for incest, and under W.Va. Code, 61-8D-5(a), for sexual abuse by a custodian, do not violate the double jeopardy prohibition against multiple punishments for the same offense. The legislature made it exceptionally clear that W.Va. Code, 61-8D-5(a), is a separate offense from other Code sections.

190 W. Va. at 568, 439 S.E.2d at 433. While petitioner attempts to distinguish *George W.H.* by arguing that the defendant in that case was a custodian and not a parent, our holding was not based upon this alleged distinction. Rather, it was based upon the clear legislative intent set forth in West Virginia Code § 61-8D-5(a) that sexual abuse by a parent, guardian, or custodian be considered a separate offense. Given the clear intent of the legislature, it is unnecessary that we apply the

*Blockburger* test. Based on the foregoing, we find that petitioner is entitled to no relief in this regard.

For the foregoing reasons, the circuit court's September 17, 2019, order denying petitioner relief under Rule 35(a) is hereby affirmed.

Affirmed.

**ISSUED**: November 4, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

5