# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Joseph Horn,**
**Petitioner Below, Petitioner**

**vs.)  No. 21-1028** (McDowell County No. 15-C-38)

**Donnie Ames, Superintendent,**
**Mount Olive Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Joseph Horn appeals the November 29, 2021, order of the Circuit Court of McDowell County that denied his petition for a writ of habeas corpus.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

On June 15, 2009, Michael Rife ("the decedent") was found stabbed to death in his home. A small fire was burning under his bed. Police soon learned that petitioner had been with the decedent earlier that evening. Officers located petitioner and observed blood on his ear, waistband, boots, and the steering wheel of his truck. Officers also found a knife in petitioner's truck that was tested for DNA, but the results were inconclusive. Petitioner was, thereafter, indicted and convicted for the first-degree murder of the decedent and for first-degree arson. On appeal, this Court affirmed his conviction. *State v. Horn*, 232 W. Va. 32, 750 S.E.2d 248 (2013).

Petitioner filed a petition, and later an amended petition, for a writ of habeas corpus alleging various grounds for relief, including ineffective assistance of trial counsel. The circuit court held omnibus hearings in 2021 and petitioner's trial counsel testified. The circuit court entered an order denying the petition, and petitioner now appeals. We apply the following standard of review:

> "In reviewing challenges to the findings and conclusions of the circuit court
> in a habeas corpus action, we apply a three-prong standard of review. We review
> the final order and the ultimate disposition under an abuse of discretion standard;
> the underlying factual findings under a clearly erroneous standard; and questions

---

[1] Petitioner appears both as a self-represented litigant and by his counsel Matthew D. Brummond; the State appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Mary Beth Niday.

of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Dement v. Pszczolkowski*, 245 W. Va. 564, 859 S.E.2d 732 (2021).

Petitioner raises four assignments of error on appeal; the first two were raised by his habeas counsel, the latter two were raised by petitioner as a self-represented litigant. Petitioner's first assignment concerns the knife found in his truck. Pretrial, the parties and the trial court agreed that the knife would not be mentioned at trial because the DNA testing on the knife was inconclusive. The State instructed its witnesses accordingly. Nevertheless, at trial, the State's crime lab witness testified that, "I tested the known [DNA] reference samples from the involved individuals . . . and there were extractions performed on a separate swab that was obtained from the knife." Thereafter, during the jury's deliberations, the jury sent a question asking, "what became of the knife that was tested by the forensic lab[?]" The circuit court told the jury it was "not to speculate about that knife" and "it was not a part of the evidence in this case[.]"

Petitioner argues that because trial counsel did not object, move for a mistrial, or cross-examine the lab witness about the knife, the circuit court erred when it found that trial counsel's performance was not constitutionally ineffective regarding the knife. A habeas court may find a defendant's counsel to be constitutionally ineffective when it finds two things: "(1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syl. Pt. 5, in part, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). Without considering whether counsel's failure to address the crime lab witness's reference to the knife (arguably a strategic decision designed to minimize the jury's perception of the testimony) was objectively unreasonable, we find that petitioner fails to offer evidence that there is a reasonable probability that counsel might have changed the outcome of the proceedings through a different course of action. We have long held that any "[e]rror in the admission of improper testimony, subject to cure by action of the court, is cured . . . , since the jury is presumed to follow the instructions of the court." Syl. Pt. 2, *in part*, *Rice v. Henderson*, 140 W.Va. 284, 83 S.E.2d 762 (1954). We find that the trial court adequately addressed the issue when it directed the jury to eschew speculation. The jury was clearly told that the knife mentioned by the crime lab witness was not evidence in the case. We find that the trial court appropriately addressed the evidence, and we find, thus, that petitioner fails to establish the second prong of *Miller*.

Petitioner's second assignment of error concerns a September 22, 2021, pretrial conference during which petitioner, an incarcerated individual, was not present. Petitioner asserts that he had a constitutional right "to be present at all critical stages in the criminal proceeding; and when he is not, the State is required to prove beyond a reasonable doubt that what transpired in his absence was harmless." Syl. Pt. 6, in part, *State v. Boyd*, 160 W. Va. 234, 233 S.E.2d 710 (1977). *Accord*, Syl. Pt. 3, *State v. Byers*, 247 W. Va. 168, 875 S.E.2d 306 (2022) ("A defendant has a due process right to be present at all critical stages of a criminal proceeding pursuant to Article III, Section 10 of the West Virginia Constitution and the Fifth Amendment of the United States Constitution."). There is no transcript of the conference, but afterward, the circuit court set petitioner's trial for the following term of court on December 6, 2011, after considering "the scheduling needs of the respective parties." Petitioner now argues the pretrial conference was a critical stage of his case and he was deprived of the opportunity to appear. We do not agree with petitioner's argument. "A

2

critical stage of a criminal proceeding is where the defendant's right to a fair trial will be affected." Syl. Pt. 2, *State v. Tiller*, 168 W. Va. 522, 285 S.E.2d 371 (1981). Petitioner has failed to explain how his absence from the conference during which his trial was scheduled impaired his right to a fair trial. He does not allege a speedy trial violation, and neither petitioner nor his counsel objected to his absence. Accordingly, on consideration of the unique facts before us, we find that the pretrial conference was not a critical stage of petitioner's criminal proceedings, and we find no error.

Petitioner's third assignment of error alleges that the circuit court failed to properly analyze whether the prosecutor offered false evidence. In Syllabus Point 2 of *State ex rel. Franklin v. McBride*, 226 W. Va. 375, 701 S.E.2d 97 (2009), we adopted the following standard:

> In order to obtain a new trial on a claim that the prosecutor presented false testimony at trial, a defendant must demonstrate that (1) the prosecutor presented false testimony, (2) the prosecutor knew or should have known the testimony was false, and (3) the false testimony had a material effect on the jury verdict.

Petitioner claims the prosecutor offered false testimony from two sheriff's deputies that there was only one shoe print at the crime scene and that it appeared to match the tread print of the boots petitioner was wearing at the time of his arrest. Petitioner argues that photos of the crime scene show many shoe prints, thereby establishing the falsity of the deputies' testimony. The record, however, shows that petitioner misstates the testimony of the deputies. The deputies certainly testified about *a* footprint in blood spatter found between the decedent's living room and kitchen and offered a photograph of a boot print in the blood resembling petitioner's boot sole. But testimony was also offered about multiple "bloody footprints." When asked on cross-examination by petitioner's trial counsel "how many different sets of footprints" were found at the crime scene, one deputy testified that there were "no more than one or - -" before being interrupted by petitioner's trial counsel. On this record, we find no error in the circuit court's assessment that the prosecutor did not present false testimony in violation of *Franklin*.

Petitioner's fourth and final assignment of error is challenging to discern, but he appears to argue that his trial counsel was ineffective for failing to seek out two pieces of evidence allegedly destroyed or lost by the State and that the circuit court erred in finding otherwise. During the course of law enforcement's investigation, petitioner contends they seized and inventoried a cell phone from his truck and a towel from the decedent's house. As to the cell phone, trial counsel sought, but was unable to locate, the cell phone but assessed that there was no information on the phone that would further petitioner's trial strategy. As for the towel, a deputy testified he did not see any stains on the towel but found it had been used to soak up water inside the decedent's toilet. The deputy testified he took the towel to the station and hung it over a rack in the office to dry. The deputy further testified that, "unfortunately, someone [took] it down to use it for the purpose that it was intended, as a towel, and so whatever evidence may have been on it was compromised." Therefore, the deputy decided not to send the towel for testing, and thus, petitioner's trial counsel decided to give no weight to the towel's existence.

We have said that a "decision regarding trial tactics cannot be the basis for a claim of ineffective assistance of counsel unless counsel's tactics are shown to be so ill chosen that it permeates the entire trial with obvious unfairness." *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 328, 465 S.E.2d 416, 430 (1995) (quotation and citations omitted). The record supports the

circuit court's assessment that trial counsel made reasonable strategic decisions not to address the phone and towel because the evidence did not provide any benefit to their defensive theory. Hence, trial counsel's decisions regarding the phone and towel cannot be the basis for a claim of ineffective assistance of counsel.

Accordingly, we affirm the circuit court's decision denying the petition for habeas corpus.

Affirmed.

**ISSUED:** September 15, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice C. Haley Bunn

**DISSENTING AND WRITING SEPARATELY:**

Justice William R. Wooton

Wooton, Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, I respectfully dissent.