COMMONWEALTH *vs.* VINICIO ELIZONDO.

Middlesex. October 8, 1998. - November 4, 1998.

Present: WILKINS, C.J., ABRAMS, LYNCH, FRIED, MARSHALL, & IRELAND, JJ.

*Constitutional Law,* Search and seizure, Confrontation of witnesses, Arrest, Double jeopardy. *Search and Seizure,* Arrest. *Arrest. Practice, Criminal,* Presence of defendant.

Police officers conducted a lawful search incident to arrest when they searched a bathroom located four or five feet from the defendant when he was placed under arrest, from which the defendant had, minutes before, retrieved cocaine, leaving the door open. [323-325]

A Superior Court judge correctly concluded, after a hearing, that the defendant had absented himself voluntarily after his trial had begun and correctly proceeded with trial in the defendant's absence, in accordance with the provisions of Rule 18 (a) (1) of the Massachusetts Rules of Criminal Procedure. [325-326]

INDICTMENTS found and returned in the Superior Court Department on May 5, 1992, and February 10, 1993.

A motion to suppress evidence was heard by *Robert H. Bohn, Jr.* J., and the cases were heard by *Robert A. Barton,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*M. Page Kelley* for the defendant.

*Stephen C. Hoctor*, Assistant District Attorney, for the Commonwealth.

ABRAMS, J. The defendant, Vinicio Elizondo, appeals from convictions of distribution of cocaine, trafficking, and conspiracy. He argues that his motion to suppress drugs found during a warrantless search should have been allowed. He also argues that the judgments must be reversed because the trial judge erred by proceeding with the defendant's trial in his absence. We transferred the case to this court on our own motion. We affirm.

The judge found the facts pertaining to the suppression motion to be as follows. In 1992, the Lowell police department and

the Drug Enforcement Agency (DEA) were conducting a drug distribution investigation that targeted the defendant. The investigation culminated with a DEA special agent purchasing one-half ounce of cocaine from the defendant at his apartment. Before leaving, the agent asked the defendant for an additional fifty dollars' worth of cocaine. The defendant went into the bathroom and returned quickly with two additional packages of cocaine. The agent then signaled three Lowell police officers to enter the apartment, and the defendant was arrested. After conducting a preliminary security "sweep" of the apartment, a Lowell police officer entered the bathroom and seized a false-bottomed deodorant can containing twenty-eight bags of cocaine.

Following the denial of the defendant's motion to suppress the drugs found in the bathroom, the case was called for trial. On December 6, 1994, after a colloquy with the judge and a written waiver, the defendant, represented by counsel, waived a jury trial. The judge then said that he intended to "start this matter as far as the evidence is concerned at 9:30 tomorrow morning." The clerk told the defendant, "You are now placed at the bar for trial . . . ." The next day, the defendant was defaulted. The judge continued the matter for two days to give the police and defense counsel an opportunity to locate the defendant. On December 9, 1994, with the defendant still in default, the judge ruled that the trial had begun and that the defendant's absence was voluntary. Over defense counsel's objection, the judge proceeded with the trial in the defendant's absence.

1. *Motion to suppress.* The defendant contests the motion judge's finding that the search was a lawful search incident to arrest. The defendant also contends that the search was not justified by exigent circumstances.[1]

A search conducted incident to arrest may be made for the purpose of seizing fruits, instrumentalities, contraband, and other evidence of the crime for which the arrest had been made in order to prevent their destruction or concealment. See *Chimel v. California*, 395 U.S. 752, 763 (1969). See also *Commonwealth* v. *Santiago*, 410 Mass. 737, 742-743 (1991); G. L. c. 276, § 1. *Chimel, supra,* described the area to be searched as the area " 'within [the defendant's] immediate control' —

---

[1]Because we conclude that the search was a valid search incident to arrest, we do not reach the question whether there were exigent circumstances.

construing that phrase to mean the area within which he might gain possession of a weapon or destructible evidence."

There is no determinative rule limiting the physical scope of a search incident to arrest to a particular number of feet. See *People* v. *Williams*, 57 Ill. 2d 239, 246, cert. denied, 419 U.S. 1026 (1974). Rather, the scope of the search must be judged looking at the facts and circumstances of the arrest. See *id.* See also *United States* v. *Lucas*, 898 F.2d 606, 608 (8th Cir.), cert. denied, 498 U.S. 838 (1990). In evaluating whether a search incident to arrest exceeded the area within the defendant's immediate control, we note that a police officer's decision how and where to conduct the search is "a quick ad hoc judgment." *United States* v. *Queen*, 847 F.2d 346, 352 (7th Cir. 1988), quoting *United States* v. *Robinson*, 414 U.S. 218, 235 (1973). A search incident to arrest "may be valid even though a court, operating with the benefit of hindsight in an environment well removed from the scene of the arrest doubts that the defendant could have reached the items seized during the search." *Lucas*, *supra* at 609, and cases cited. See *United States* v. *Hyde*, 574 F.2d 856, 871 (5th Cir. 1978).[2]

At the motion hearing, the Commonwealth's evidence showed that, during the controlled drug transaction, the defendant entered the bathroom, remained there for less than ten seconds, and returned with the cocaine. The defendant was arrested, handcuffed, and secured within four or five feet of the bathroom. The bathroom door was open. Approximately two minutes after the defendant's arrest, the police had seized the drugs in the bathroom. At the time of the search, the DEA agent and three members of the Lowell police department were in the apartment with the defendant, another man arrested at the scene, and a third man later released at the scene. The officers confined the search to the area where the defendant had obtained the drugs.[3]

Because the open bathroom door was within the area of the defendant's arrest, the search of the canister found in the

---

[2]It may extend to that area which the defendant could have reached with a lunge. See *United States* v. *Hyde*, 574 F.2d 856, 871 (5th Cir. 1978) (using the phrase "the one lunge zone" of *Chimel* v. *California*, 395 U.S. 752 [1969]).

[3]That the defendant was handcuffed or restrained at the time of the search is not dispositive in determining whether a search was within the potential grab area. See, e.g., *United States* v. *Lucas*, 898 F.2d 606 (8th Cir.), cert. denied, 498 U.S. 838 (1990); *United States* v. *Queen*, 847 F.2d 346, 352 (7th Cir. 1988).

bathroom therein was proper. In these circumstances, we agree with the motion judge that this search was a lawful search incident to the defendant's arrest.[4]

*2. Defendant's absence from trial.* Rule 18 (a) (1) of the Massachusetts Rules of Criminal Procedure, 378 Mass. 887 (1979), provides: "If a defendant is present at the beginning of a trial and thereafter absents himself without cause or without leave of court, the trial may proceed to a conclusion . . . ." The defendant concedes that he absented himself without cause, but argues that his trial had not yet begun. We disagree.

The defendant asserts that a jury-waived trial begins when jeopardy attaches. Thus the defendant asserts that jeopardy had not attached because the first witness had not been sworn. *Commonwealth* v. *Ludwig,* 370 Mass. 31, 33 (1976). The rule, however, refers to "the beginning of a trial," not to the attachment of jeopardy. If attachment of jeopardy were the pivotal moment, the rule would have said so. See *United States* v. *Miller,* 463 F.2d 600, 603 (1st Cir.), cert. denied, 409 U.S. 956 (1972) (Fed. R. Crim. P. 43 would have referred to commencement of jeopardy rather than commencement of trial if that had been the intent).

The defendant's trial began when he was placed at the bar for trial. The public's interest in enforcing the requirement that the defendant be present for trial was paramount. See *Crosby* v. *United States,* 506 U.S. 255, 261 (1993), citing *Hopt* v. *Utah,* 110 U.S. 574, 579 (1884). "[T]he Sixth Amendment right of confrontation of a defendant should not be exalted to the point of putting the orderly conduct of a trial at the mercy of his possible disinclination to face the prosecution." *Commonwealth* v. *Kane,* 19 Mass. App. Ct. 129, 135 (1984), citing *Commonwealth* v. *McCarthy,* 163 Mass. 458, 459-460 (1895).

Once the defendant was placed at the bar for trial, it was clear that, if he wanted to be present at his trial, he had to appear the following day. The jury-waiver colloquy already had taken place, and the judge stated that he would begin hearing evidence in the morning. The judge then recessed the case until the next day. The defendant had ample notice that his trial had started.

---

[4]The defendant does not argue that, if the canister was properly seized, the police could not open it. See *United States* v. *Hudson,* 100 F.3d 1409, 1419 (9th Cir. 1996), cert. denied, 522 U.S. 939 (1997), and cases cited ("search incident to arrest may justify the opening of containers found within the physical area covered by the search").

After giving defense counsel and police two days to locate the defendant, the judge held a hearing to determine whether the defendant's absence was without cause. He properly concluded that vigorous efforts had been made to locate the defendant and that the defendant's absence was voluntary.[5] No more was required. See *Commonwealth* v. *Flemmi*, 360 Mass. 693 (1971).

*Judgments affirmed.*

---

[5]The defendant does not argue that his absence was not voluntary. He premises his argument on the ground that the trial had not begun because jeopardy had not attached.