COMMONWEALTH *vs.* JEFFREY CAREY. No. 01-P-199. July 24, 2002. *Practice, Criminal,* Presence of defendant.

On appeal from his conviction for assault and battery by means of a dangerous weapon, the defendant claims that the trial judge erred by conducting part of the trial without the defendant after the defendant failed to return from a scheduled luncheon recess. The judge waited one half-hour beyond the scheduled end of the recess, and made no effort to ascertain the reason for the defendant's absence beyond asking the prosecutor and defense counsel whether either could provide an explanation for the defendant's absence. Neither could provide such an explanation.

We agree with the defendant that, before conducting the trial in the defendant's absence, the judge should have taken more time and exerted more vigorous efforts to learn the defendant's whereabouts. See, e.g., *Commonwealth* v. *Flemmi*, 360 Mass. 693, 693-694 (1971); *Commonwealth* v. *Kane*, 19 Mass. App. Ct. 129, 135 (1984). The judge also should have held a voir dire hearing to determine whether the defendant's absence was without cause. See *Commonwealth* v. *Elizondo*, 428 Mass. 322, 325-326 (1998); Smith, Criminal Practice and Procedure § 1622 (2d ed. 1983 & Supp. 2002). We think a judge is required to follow these procedures even where, as here, the judge instructs the jury that they should ignore the defendant's absence and not draw any inference against him on account of it. See *Commonwealth* v. *McCarthy*, 163 Mass. 458, 458-460 (1895).

Under the circumstances, however, we conclude that the error does not constitute grounds to vacate the conviction. The defendant has not claimed, much less shown, that a more vigorous effort to find him would have been successful. Indeed, it appears from the record that, while a default warrant was issued for the defendant's arrest on the afternoon of the trial, January 19, 2000, the defendant was not arrested until April 24, 2000, more than three months later. Even then, the defendant failed to move for a new trial or offer any explanation as to why he had disappeared from the trial. See *Commonwealth* v. *Kane, supra* at 135 n.5. Accordingly, while the judge's finding of voluntary absence was based on scant evidence, there is no indication that it was incorrect. The prosecutor did not make any reference to the defendant's absence in his closing, and the judge instructed the jury that they should draw no inference from the fact of the defendant's absence. Contrast *id.* at 136-138. Thus we conclude that the judge's failure to follow more careful procedures in response to the defendant's failure to return to the courtroom does not require reversal of his conviction. See *Commonwealth* v. *Stack*, 49 Mass. App. Ct. 227, 238-239 (2000). See also *Commonwealth* v. *Rivera*, 44 Mass. App. Ct. 452, 456 (1998). We therefore affirm the conviction.

We reemphasize, however, that where, as here, a defendant has disappeared from a trial without any apparent explanation, "[t]here ought to be as vigorous an effort as may be feasible to find the defendant, and some formality in the presentation of the evidence that is gathered about the circumstances of

the defendant's disappearance." *Commonwealth* v. *Kane, supra* at 135, citing *Commonwealth* v. *Flemmi, supra.*

*Judgment affirmed.*

*Alan D. Campbell* for the defendant.

*Kevin Connelly,* Assistant District Attorney, for the Commonwealth.