## Commonwealth *vs.* Paris Quilter.

No. 10-P-2058.

Suffolk. February 2, 2012. - June 6, 2012.

Present: Cypher, Green, & Trainor, JJ.

*Constitutional Law,* Search and seizure. *Search and Seizure,* Search incident to lawful arrest. *Firearms.*

A Boston Municipal Court judge erred in allowing the criminal defendant's pretrial motion to suppress a firearm seized from under a mattress on which he was sitting while police officers executed a warrant for his arrest on a charge of trespass, where, although the firearm was not related to the charge of trespass, the defendant's suspicious conduct gave one police officer an objectively reasonable reason to look under the mattress to ensure the officers' safety and to preserve the integrity of the arrest. [809-811]

Complaints received and sworn to in the Dorchester Division of the Boston Municipal Court Department on May 7, 2010.

After transfer to the Central Division of the Boston Municipal Court Department, a pretrial motion to suppress evidence was heard by *Annette Forde,* J.

An application for leave to prosecute an interlocutory appeal was allowed by *Robert J. Cordy,* J., in the Supreme Judicial Court for the county of Suffolk, and the appeal was reported by him to the Appeals Court.

*Kris C. Foster,* Assistant District Attorney, for the Commonwealth.

*Nancy A. Hurley* for the defendant.

Cypher, J. The Commonwealth appeals from a decision of a Boston Municipal Court judge on August 9, 2010, allowing the defendant's motion to suppress a firearm seized by Boston police.[1]

---

[1] The Commonwealth's application for interlocutory appeal was allowed by a single justice of the Supreme Judicial Court on October 21, 2010.

From the motion judge's undisputed findings, we learn that one morning in early May, 2010, a squad of officers of the Boston police department's youth violence strike force went to the defendant's home to execute an arrest warrant for the defendant, who was wanted on a charge of trespass. The defendant, dressed only in underclothes, answered the front door. When notified that the officers were there to execute a warrant for his arrest, he asked if he could get dressed. The officers escorted the defendant to his bedroom. Soon after their arrival, one officer discovered a firearm under the mattress of the defendant's bed.

In allowing the defendant's motion to suppress, the judge relied on G. L. c. 276, § 1, second par., inserted by St. 1974, c. 508, stating that the search and seizure of the firearm was improper because the statute limits a search incident to arrest to "evidence of the crime for which the arrest has been made," and the firearm was not related to the trespass charge for which the defendant was arrested. We conclude the judge misapplied the statute, and for the reasons that follow we reverse the order of suppression.

*Analysis.* "In reviewing a ruling on a motion to suppress, we accept the judge's subsidiary findings" unless there is clear error, and we independently determine the "correctness of the judge's application of constitutional principles to the facts as found." *Commonwealth* v. *Scott*, 440 Mass. 642, 646 (2004) (citation omitted).

We look to the judge's detailed findings to determine the actions taken by the police after they accompanied the defendant to his bedroom to get dressed:

> "In the bedroom, the defendant wanted to go to the closet to get his pants, but the officers informed him that, for safety reasons, they would get the clothes out of the closet for him. The officers knew, from their early morning briefing, at which they had reviewed the defendant's [probation] record, that he had a history of prior arrests for possession and discharge of a firearm. [The] supervisor of the squad[] had had prior experience with the defendant, having either arrested him or having been present when he was arrested on firearms and ammunition charges.

> "One of the officers noticed that the defendant sat on the

bed, not close to the closet where his clothes were, but on the far end of the bed, away from the closet. The officer who testified at the hearing on the defendant's motion to suppress found it odd that the defendant would sit so far away from the closet where he was headed to get his clothes. At that point, one of the other officers found a knife on the defendant's dresser. The officers did a protective sweep of the room to make sure that there were no other weapons present.

"An officer asked the defendant to stand up and get dressed. When the defendant stood up, the officer lifted up the mattress where he had been sitting and found a firearm between the mattress and the box spring. He put the mattress back down and handcuffed the defendant. From his early morning review of the defendant's record, the officer knew that the defendant could not lawfully possess a firearm, both because of his age, and because of his prior record of firearms offenses. At this point, the officers did not seize the firearm. They froze the apartment and obtained a search warrant pursuant to which they later seized the firearm."

Relying on that portion of G. L. c. 276, § 1, second par., that states that "[a] search conducted incident to an arrest may be made only for the purposes of seizing fruits, instrumentalities, contraband and other evidence of the crime for which the arrest has been made," the judge concluded that the firearm evidence should be suppressed because the firearm was not related to the charge of trespass and could not be seized.

We conclude, however, that the facts clearly indicate that the discovery of the firearm was based on other justified conduct of the police under the second part of the sentence of G. L. c. 276, § 1, second par., which states that a search incident to an arrest may be made for "removing any weapons that the arrestee might use to resist arrest or effect his escape." See *Commonwealth* v. *Blevines*, 438 Mass. 604, 607-608 (2003). See also *Chimel* v. *California*, 395 U.S. 752, 762-763 (1969); *Commonwealth* v. *Washington*, 449 Mass. 476, 482 (2007); *Commonwealth* v. *Dessources*, 74 Mass. App. Ct. 232, 235-236 (2009). See generally Smith, Criminal Practice and Procedure § 4.96 (3d ed. 2007).

The firearm was not discovered during the protective sweep after the police entered the bedroom.[2] Rather, it was discovered when an officer, suspicious of the defendant's conduct — sitting at the end of the bed farthest away from the closet — found the firearm under the mattress where the defendant had been sitting. While the judge stated that the officer was "acting on a hunch — an excellent one, but a hunch nevertheless," the facts instead indicate that the officer's decision to look under the mattress was objectively reasonable. It is not unreasonable "for a police officer, as a matter of routine, to monitor the movements of an arrested person, as his judgment dictates, following the arrest. The officer's need to ensure his own safety — as well as the integrity of the arrest — is compelling." *Washington* v. *Chrisman*, 455 U.S. 1, 7 (1982). "[A] police officer's decision how and where to conduct the search is 'a quick ad hoc judgment.' " *Commonwealth* v. *Elizondo*, 428 Mass. 322, 324 (1998), quoting from *United States* v. *Queen*, 847 F.2d 346, 352 (7th Cir. 1988).

We comment briefly on other conduct of the police in this case. In executing the arrest warrant, the police had the power to enter the defendant's home. *Commonwealth* v. *Silva*, 440 Mass. 772, 776 (2004). They were authorized to accompany him to his room and had the right "to remain . . . at [his] elbow at all times," even in the absence of any indication that he might have a weapon available or might attempt to escape. *Washington* v. *Chrisman*, 455 U.S. at 6.

Whether the defendant was seated on the bed or standing next to it, the firearm was within " 'the one lunge zone' of *Chimel* v. *California*, 395 U.S. 752 (1969)." *Commonwealth* v. *Elizondo*, 428 Mass. at 324 n.2., quoting from *United States* v. *Hyde*, 574 F.2d 856, 871 (5th Cir. 1978). See Grasso & McEvoy, Suppression Matters Under Massachusetts Law § 12-3[a][1] (2011-2012). Thus, discovery of the firearm properly constituted a search contemporaneous with the defendant's arrest. See *Commonwealth* v. *Washington*, 449 Mass. at 481.

*Order allowing motion to suppress reversed.*

---

[2]Although a knife was discovered on top of a dresser when the police conducted a sweep of the room, neither the knife nor a description of it was submitted at the suppression hearing.