NOTICE: All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports. If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

14-P-1334                                          Appeals Court

COMMONWEALTH vs. BRENDAN T. ZAMMUTO.

No. 14-P-1334.

Middlesex.       December 17, 2015. - February 22, 2016.

Present: Kafker, C.J., Cypher, Vuono, Carhart, & Kinder, JJ.


Practice, Criminal, Presence of defendant, Instructions to jury,
     Assistance of counsel. Jurisdiction, Civil rights.
     District Court, Jurisdiction. Civil Rights, Availability
     of remedy.


     Complaint received and sworn to in the Malden Division of
the District Court Department on September 2, 2011.

     The case was tried before Antoinette M. Leoney, J.


     James J. Cipoletta for the defendant.
     Christina Lucci, Assistant District Attorney, for the
Commonwealth.


     KINDER, J. Following a jury trial in District Court, the

defendant was convicted of assault and battery by means of a

dangerous weapon, G. L. c. 265, § 15A; and a civil rights

violation, G. L. c. 265, § 37. On appeal, he contends (1) he

was denied a fair trial when, after he defaulted, the trial

proceeded in his absence, (2) the judge erred in failing to instruct the jury regarding his failure to testify, (3) the District Court lacked jurisdiction over the civil rights charge, (4) the motion for a required finding of not guilty on the civil rights charge should have been allowed; and (5) trial counsel was ineffective.  We affirm.

Background.  We summarize the trial evidence as follows. As John Mastromarino stopped his scooter at an intersection with a four-way stop, he observed a motor vehicle "blow through" the stop sign.  He followed the vehicle and caught up to it at the next intersection.  He left his scooter at the side of the road, confronted the occupants, and yelled, "Bro, you almost just killed me."  The defendant and the four other occupants got out of the vehicle.  The defendant, armed with a baseball bat, swung it at Mastromarino several times, calling him a "fucking nigger."  One swing connected with Mastromarino's forearm. Thereafter, a motorcycle driver who was following the defendant's vehicle removed his helmet and struck Mastromarino in the head with it, causing him to fall to the ground.[1]  The defendant and the others reentered the vehicle and left the scene.

---

[1] There is no evidence that the motorcycle driver was apprehended or prosecuted.

Mastromarino observed the vehicle license plate number and reported it to the police. Through the registry of motor vehicles and further investigation, police identified the defendant as a possible operator of the vehicle. Mastromarino then identified the defendant's photograph in an array prepared by the police and, ultimately, identified him at trial as the person who assaulted him with a baseball bat.

The defendant was in court for the entire morning session of the first day of trial, which included Mastromarino's testimony. When court reconvened after the lunch recess at 2:00 P.M., the defendant was not present. The trial judge gave defense counsel time to attempt to locate the defendant. Defense counsel reported that, after several telephone calls, he was unsuccessful in locating the defendant.[2] At 2:30 P.M., the trial judge explained that she intended to continue with the trial pursuant to rule 18 of the Massachusetts Rules of Criminal Procedure, and defense counsel did not object. See Mass.R.Crim.P. 18, 378 Mass. 887 (1979). The judge denied the defendant's motion for required findings of not guilty, and the defendant rested without presenting evidence. The defendant

---

[2] We note that the trial transcript is silent regarding the judge affording defense counsel time to locate the defendant, the efforts to locate the defendant, and counsel's report to the judge. After the case was argued here, the trial judge allowed an unopposed motion to correct the record to include the additional events.

appeared the following morning as the jury continued their deliberations.  When the trial judge inquired about his absence the day before, the defendant reported that he "fell asleep on the couch."[3]

Discussion.  1.  Trial in absentia.  The defendant argues that when he failed to appear after lunch on the first day of trial, the judge should have conducted an investigation to determine if there was good cause for his absence.  Failure to conduct this investigation, according to the defendant, deprived him of a fair trial.  While the judge did not follow the protocol we have recommended, we are not persuaded, in the circumstances of this case, that the defendant did not receive a fair trial.

"If a defendant is present at the beginning of a trial and thereafter absents himself without cause or without leave of court, the trial may proceed to a conclusion in all respects except the imposition of sentence as though the defendant were still present."  Mass.R.Crim.P. 18(a)(1), 378 Mass. 887 (1979).  When a defendant does not appear midtrial, the trial judge is to "determine whether the trial should proceed in the defendant's absence or whether a mistrial should be declared."  Commonwealth v. Muckle, 59 Mass. App. Ct. 631, 639 (2003).  Specifically, the

_____

[3] The judge's inquiry on the second day of trial and the defendant's response also were added as corrections to the record allowed by the trial judge without objection.

judge must determine whether the defendant's absence is without cause and voluntary. Ibid. "This judicial determination, in turn, requires that there be time allotted for some measure of inquiry and investigation into the reasons for the defendant's absence and the results of the efforts to locate the defendant." Ibid. "To this end, the judge should grant a recess of such duration as the judge deems appropriate to allow for investigation." Ibid. The preferred practice is that a voir dire hearing be held regarding the results of the investigation into the reason for the defendant's failure to appear. Id. at 639-640. Following the hearing, the judge should make a finding whether the defendant's absence is without cause and voluntary. Id. at 640.

Here, the judge did allow defense counsel time to try to locate the defendant, but did not hold a hearing or make findings regarding the reason for the defendant's absence. Because there was no objection at trial, we review whether the failure to complete the Muckle protocol created a substantial risk of a miscarriage of justice. See Commonwealth v. Alphas, 430 Mass. 8, 13 (1999).

The better practice would have been to hold a hearing and to make findings whether the defendant's absence was without cause and voluntary. In the circumstances, however, we conclude that the error does not constitute grounds to reverse the

judgments.  The defendant has not claimed, much less shown, that a more vigorous effort to find him would have been successful, or that the reason for his absence from trial was anything but voluntary.  See Commonwealth v. Carey, 55 Mass. App. Ct. 908, 908 (2002).  Indeed, the defendant's explanation the following day confirmed that he was at fault.  While the judge's implicit finding that the defendant's absence was voluntary was based on scant evidence at the time, there is no indication that it was incorrect.  See ibid.  Cf. Robinson v. Commonwealth, 445 Mass. 280, 289 (2005); Commonwealth v. Mora, 82 Mass. App. Ct. 575, 580-581 (2012).

Here, where the judge gave two cautionary instructions about the defendant's absence, one at the time court reconvened and again in the final charge,[4] and where the prosecutor made no reference to the defendant's absence in closing, there was no substantial risk of a miscarriage of justice regarding the manner in which the judge handled the defendant's absence.

---

[4] In her final charge, the trial judge instructed the jury as follows:  "Now, members of the jury, when you came back from the lunch recess I indicated to you that the defendant was not present for the rest of the trial, and that the trial would continue with the defendant's attorney and with the defendant being represented by his attorney.  I remind you again you are not to speculate about the reasons for the defendant's absence. You are not to draw any inferences against the defendant from his absence since there are many reasons why a defendant may not be present for the full trial.  It should not influence your verdict in any way.  Your responsibility now is to decide the charges against the defendant based solely on the evidence before you."

2. _Instruction on defendant not testifying_. The defendant claims that the trial judge should have instructed the jury regarding the defendant's failure to testify, even though trial counsel did not request the instruction or object to its omission. According to the defendant, the judge's failure to instruct the jury compounded the failure to follow the Muckle protocol, creating a substantial risk of miscarriage of justice. We disagree. Absent a request by defense counsel, the judge was not required to give the instruction. See Commonwealth v. Powers, 9 Mass. App. Ct. 771, 774 (1980). Here the jury were instructed that the defendant was presumed innocent, the Commonwealth had the burden of proof, the defendant had no obligation to present any evidence, and the jury should draw no adverse inference against the defendant due to his absence. In these circumstances, there was no error.

3. _Civil rights charge_. a. _Jurisdiction_. For the first time on appeal, the defendant argues that the District Court lacked jurisdiction over the civil rights charge because the Commonwealth prosecuted the case under the felony portion of the civil rights statute rather than the misdemeanor portion. Such a jurisdictional claim can be raised at any time, including on appeal. Tate, petitioner, 417 Mass. 226, 230 (1994).

Under G. L. c. 218, § 26, as appearing in St. 1992, c. 379, § 138, the District Court has jurisdiction over "all felonies

punishable by imprisonment in the state prison for not more than five years."  The punishment clause of the civil rights statute, G. L. c. 265, § 37, inserted by St. 1979, c. 801, § 2, provides:

> "Any person convicted of violating this provision shall be fined not more than one thousand dollars or imprisoned not more than one year or both; and if bodily injury results, shall be punished by a fine of not more than ten thousand dollars or by imprisonment for not more than ten years, or both" (emphasis supplied).

Thus, the statute allows for the prosecution of both a misdemeanor and a felony, depending on whether bodily injury is alleged.  We previously have determined that the language regarding bodily injury describes a felony and, if charged in the complaint, is outside the jurisdiction of the District Court.  See Commonwealth v. Zawatsky, 41 Mass. App. Ct. 392, 395-396 (1996).  Jurisdiction depends, therefore, on whether the Commonwealth alleged that the civil rights violation resulted in bodily injury, rather than on the evidence offered by the Commonwealth at trial.  See id. at 396.  Simply put, if the complaint charged the defendant with causing the victim bodily injury, the District Court would not have had jurisdiction.

The analysis is straightforward.  The criminal complaint here charged that the defendant "did by force or threat of force, wilfully injure, intimidate or interfere with, or oppress or threaten John Mastromarino in the free exercise or enjoyment of a right or privilege secured to such person by the

Constitution or laws of this Commonwealth or by the Constitution or laws of the United States, in violation of G. L. c. 265, § 37." However, there was no allegation that the charged conduct resulted in bodily injury. Moreover, the charging document included a specific reference to the maximum penalty: "PENALTY: imprisonment not more than 1 year; or not more than $1000; or both," and the defendant was sentenced to the misdemeanor penalty of one year in the house of correction. Because a misdemeanor was charged, the jury were instructed on the elements of the misdemeanor, and the defendant received a misdemeanor sentence, the District Court had jurisdiction.

b. Sufficiency of evidence. The defendant also argues that the trial judge should have allowed his motion for a required finding of not guilty on this charge because the Commonwealth presented insufficient evidence that he violated Mastromarino's civil right to personal security. Again, we disagree. When reviewing a motion for a required finding of not guilty, we review the evidence in the light most favorable to the Commonwealth to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Commonwealth v. Latimore, 378 Mass. 671, 677 (1979). "The inferences drawn by the jury from the evidence 'need only be reasonable and possible and need not be necessary

or inescapable.'" Commonwealth v. Kelly, 470 Mass. 682, 693 (2015) (citation omitted).

Here, the Commonwealth presented evidence that the defendant approached Mastromarino calling him a "nigger," and repeated the racial slur as he hit Mastromarino with a baseball bat. The defendant argues that Mastromarino forfeited his right to personal security when he approached the defendant's vehicle to pick a fight. However, we have stated that the "deprivation of civil rights contemplated by G. L. c. 265, § 37, does not have to be the predominant purpose of the defendant's acts." Commonwealth v. Stephens, 25 Mass. App. Ct. 117, 124 (1987). Even if there was evidence that the defendant acted in retaliation, the jury may still find that the defendant violated Mastromarino's civil rights. See ibid. The specific intent requirement of the statute does not require the Commonwealth "to prove that the defendant had a particular evil or wicked purpose." Id. at 125. It is enough to show that the defendant "engaged in activity which interferes with rights which as . . . matter of law are clearly and specifically protected by [the statute]." Ibid., quoting from United States v. Ehrlichman, 546 F.2d 910, 928 (D.C. Cir. 1976), cert. denied, 429 U.S. 1120 (1977). The evidence in this case met that standard.

4. Ineffective assistance. Finally, the defendant claims that trial counsel provided ineffective assistance by failing

(1) to request a continuance to ascertain the defendant's whereabouts after the lunch recess, (2) to object to the commencement of trial without the judge following the Muckle protocol, (3) to request a continuance prior to resting, and (4) to request jury instructions regarding the defendant's failure to testify.  "[T]he preferred method for raising a claim of ineffective assistance of counsel is through a motion for a new trial."  Commonwealth v. Zinser, 446 Mass. 807, 810 (2006).  There is a narrow exception in cases where "the factual basis of the claim appears indisputably on the trial record."  Id. at 811, quoting from Commonwealth v. Adamides, 37 Mass. App. Ct. 339, 344 (1994).  The bases of the defendant's claims here do not appear indisputably on the record.  The record is silent as to trial counsel's strategy or any explanation for his actions.  See Commonwealth v. Peloquin, 437 Mass. 204, 210 n.5 (2002).  Accordingly, we decline to address this claim.

Judgments affirmed.