# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

James Allen Smith,
**Petitioner Below, Petitioner**

**FILED**

November 26, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) **No. 12-0374** (Raleigh County 10-C-1013)

**Patrick Mirandy, Warden,**
**Saint Marys Correctional Center,**
**Respondent Below, Respondent**

### MEMORANDUM DECISION

Petitioner James Smith's appeal, filed by counsel Timothy Lupardus, arises from the Circuit Court of Raleigh County, wherein petitioner's petition for writ of habeas corpus was denied by order entered on March 5, 2012. Respondent Warden Patrick Mirandy,[1] by counsel Andrew Mendelson, filed a response in support of the circuit court's decision. On appeal, petitioner alleges that the circuit court erred in conducting a habeas hearing without his presence or participation, that the circuit court failed to make the mandatory inquiries in accordance with Rule 9(b) of the Rules Governing Post-Conviction Habeas Corpus, that the circuit court's order does not comply with Rule 9(c) of the Rules Governing Post-Conviction Habeas Corpus, and that his constitutional rights were violated when the circuit court held a pretrial hearing outside his presence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming is appropriate under Rule 21 of the Rules of Appellate Procedure.

In early 2001, Raymond Perry Jr. died from a single gunshot wound to the head. Following an investigation, petitioner was indicted for first degree murder. On May 23, 2003, a jury convicted petitioner of first degree murder with a recommendation of mercy. Petitioner filed his direct appeal with this Court in January of 2004, which was refused by order entered on June 14, 2004. *State v. James Allen Smith*, No. 040210 (W.Va. Supreme Court, June 8, 2004).

Petitioner filed a pro se petition for writ of habeas corpus in Kanawha County, which was properly transferred to Raleigh County. *See* Rule 4(a) of the Rules Governing Post-Conviction Habeas Corpus Proceedings. ("The court shall promptly review whether the petition should be

---

[1]Petitioner named David Ballard, Warden of the Mount Olive Correctional Complex, as the respondent in this case. However, because petitioner is presently incarcerated in Saint Mary's Correctional Center, pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure we have substituted Patrick Mirandy as the party respondent.

1

transferred to a venue set forth in Rule 3(a).")[2] By order entered on August 24, 2006, the circuit court denied petitioner's petition for writ of habeas corpus. On November 20, 2010, petitioner, by counsel, filed a petition for writ of habeas corpus. The circuit court held a hearing, in which petitioner was not physically present, on December 8, 2011. By order entered on March 5, 2012, the circuit court denied petitioner's petition for writ of habeas corpus. This appeal followed.

Petitioner raises four assignments of error on appeal. First, petitioner argues that his constitutional right of due process was violated when he was denied the opportunity to participate in his omnibus hearing physically, electronically, or *in absentia* by completing a "Losh List."[3] Petitioner argues that he was denied the opportunity to discuss with his counsel whether he should withdraw substantial portions of his petition. Petitioner also contends that he was not allowed to speak on his own behalf, testify, or be questioned as to whether he raised all issues that could be asserted in his habeas petition and if he knowingly and willingly waived those rights. Second, petitioner argues that the circuit court erred in finding that he knowingly and intelligently waived all grounds for habeas corpus relief not asserted. Third, petitioner argues that the circuit court erroneously held that he was advised concerning his obligation to raise all grounds for post-conviction relief in one habeas proceeding. Finally, petitioner argues that the circuit court erred in finding that the pre-trial hearing on his underlying criminal charge was administrative and did not involve substantive issues.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

As to petitioner's first assignment of error, this Court finds that the circuit court did not abuse its discretion. Rule 9(b) of the Rules Governing Post-Conviction Habeas Corpus Proceedings in West Virginia gives circuit courts the discretion to determine whether an evidentiary hearing is required. A review of the December 8, 2011, hearing transcript reflects that the circuit court did not require the taking of evidence at a hearing. Instead, the circuit court

---

[2] Rule 3(a) of the Rules Governing Post-Conviction Habeas Corpus Proceedings in West Virginia states "[a] petition may be filed: (1) in the circuit court of the county wherein the petitioner is incarcerated; or (2) in the circuit court of the county wherein the petitioner was convicted and sentenced." Petitioner was convicted of first degree murder in the Circuit Court of Raleigh County and was initially incarcerated at Mount Olive Correctional Complex in Fayette County. Thus, petitioner could have filed his petition in Raleigh or Fayette County.

[3] The checklist of grounds typically used in habeas corpus proceedings, commonly known as "the Losh list," originates from *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).

only heard arguments from the parties' lawyers. Furthermore, petitioner's counsel waived petitioner's right to attend the hearing through the following exchange:

> The Court: The record should reflect that [petitioner] is not present. His presence is not necessarily required because this is a civil proceeding. In addition to that, it appears as though there's not going to be any evidence taken.

> [Counsel]: That is correct, Judge. I thought since it was just arguments, that's why we did that. Everything is laid out in the brief. I thought I would use this time to maybe address some of the issues raised in the response and then, otherwise, I'm relying on what's in the petition.

We have previously held that "'[o]ur general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999." *Noble v. W.Va. Dep't of Motor Vehicles*, 223 W.Va. 818, 821, 679 S.E.2d 650, 653 (2009). This Court finds that the circuit court did not abuse its discretion.

To the extent that petitioner argues that habeas counsel improperly waived petitioner's appearance at the omnibus hearing and failed to argue specific grounds for habeas relief, we decline to address these issues on appeal. This Court has held:

> It is the extremely rare case when this Court will find ineffective assistance of counsel . . . . The prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied. This Court may then have a fully developed record on this issue upon which to more thoroughly review an ineffective assistance of counsel claim.

Syl. Pt. 10, in part, *State v. Triplett*, 187 W.Va. 760, 421 S.E. 2d 511 (1992). Petitioner is raising habeas counsel's alleged ineffective assistance for the first time on appeal. If petitioner continues to believe that prior habeas counsel was ineffective, the preferred way of raising ineffective assistance of habeas counsel is to file a subsequent petition for a writ of habeas corpus raising this issue in the court below. See Syl. Pt. 4, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981) (While a prior habeas corpus hearing is res judicata as to all matters either raised or should have been raised at the habeas corpus hearing, "an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing.").[4]

Likewise, we decline to address petitioner's second and third assignments of error. Petitioner argues that that the circuit court erred in finding that he knowingly and intelligently waived all grounds for habeas corpus relief not asserted. However, petitioner does not allege

---

[4]We express no opinion as to the merits of any subsequent claim for ineffective assistance of habeas counsel.

3

what additional grounds he would have asserted. Petitioner also argues that the circuit court erroneously held that he was advised by his attorney concerning his obligation to raise all grounds for post-conviction relief in a single habeas proceeding. As stated above, to the extent that petitioner believes that prior habeas counsel was ineffective for failing to adequately explain his habeas corpus rights or for failing to raise all grounds for relief, the preferred way of raising ineffective assistance of habeas counsel is to file a subsequent petition for a writ of habeas corpus raising this issue in the court below.

Finally, petitioner argues that the circuit court erred in finding that petitioner did not need to be present at a pre-trial hearing in the underlying criminal case because the hearing was for administrative purposes and did not involve substantive issues. "In a criminal proceeding, the defendant's absence at a critical stage of such proceeding is not reversible error where no possibility of prejudice to the defendant occurs." Syl. Pt. 3, *State ex rel. Redman v. Hedrick*, 185 W.Va. 709, 408 S.E.2d 659 (1991). "A critical stage of a criminal proceeding is where the defendant's right to a fair trial will be affected." Syl. Pt. 2, *State v. Tiller*, 168 W.Va. 522, 285 S.E.2d 371 (1981). Rule 43(c)(3) of the West Virginia Rules of Criminal Procedure does not require the presence of a defendant "at a conference or argument upon a technical question of law not depending upon facts within the personal knowledge of the defendant." A review of the limited transcript filed as part of the appendix record reveals that the pre-trial hearing did not involve facts within petitioner's personal knowledge. The lawyers simply discussed whether petitioner would testify at his criminal trial, memorialized the fact that the State offered petitioner a plea deal, and that petitioner's DNA was not found. This Court finds that the circuit court did not abuse its discretion.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 26, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis

4