# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Melvin S.,**
**Petitioner Below, Petitioner**

**vs.)  No. 19-0190** (Berkeley County 14-C-358)

**Donnie Ames, Superintendent, Mt. Olive**
**Correctional Complex,**
**Respondent Below, Respondent**

**FILED**
**April 6, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Melvin S.,[1] by counsel Jason M. Stedman, appeals the Circuit Court of Berkeley County's January 31, 2019, order denying his petition for a writ of habeas corpus.  Respondent, Donnie Ames, by counsel Holly M. Flannigan, filed a response. On appeal, petitioner argues that the circuit court erred in denying his petition for a writ of habeas corpus due to prejudicial statements made by the prosecution during closing arguments, ineffective assistance of counsel, the fact that petitioner was absent at a critical stage of the proceedings, and the circuit court's failure to hold an omnibus evidentiary hearing. [2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2010, petitioner was indicted on four counts of sexual abuse by a parent, guardian, custodian, or person in position of trust and three counts of third-degree sexual assault.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner alleges six assignments of error. Because three of the assignments of error regard ineffective assistance of counsel, they have been combined herein.

The victim was petitioner's girlfriend's daughter. Petitioner had lived with the victim and her mother since the victim was three years old. Petitioner began sexually assaulting the victim when she was thirteen, and at age fourteen, the victim discovered she was pregnant. She terminated the pregnancy; however, DNA testing of the fetus showed that petitioner was the father.

Following a jury trial, petitioner was convicted on October 23, 2012, of all seven counts charged in the indictment. At the February 4, 2013, sentencing hearing, petitioner was sentenced to ten to twenty years of incarceration for each of the four counts of sexual abuse by a parent, guardian, custodian, or person in position of trust, to be served consecutively, and one to five years for each of the three counts of third-degree sexual abuse, to be served concurrently with each other, but consecutively to the prior four counts. Petitioner filed a direct appeal, and his convictions and sentences were affirmed by this Court on March 18, 2014. *See State v. Melvin S.,* No. 13-0561, 2014 WL 1272538 (W. Va. Mar. 28, 2014)(memorandum decision).

Following his direct appeal, petitioner filed two petitions for a writ of habeas corpus, which were denied. Petitioner, by counsel, filed his third petition for a writ of habeas corpus on February 10, 2017, which is the subject of this appeal. Petitioner argued before the habeas court that the State engaged in prejudicial misconduct and violated his Fifth Amendment right to remain silent when it asserted at trial that the victim's testimony was unrefuted and that petitioner never denied committing the crimes. The habeas court found that trial counsel did not object to the statements made by the prosecution and appellate counsel did not raise the issue on appeal. Therefore, it determined that petitioner's first assignment of error was waived. Petitioner next argued that his trial counsel was ineffective by failing to argue for leniency at sentencing, failing to move for the dismissal of Count One of the indictment,[3] and failing to communicate a plea offer to petitioner. The habeas court determined that the underlying record is "almost entirely devoid of mitigating circumstances[]", that petitioner was able to speak to the trial court at the sentencing hearing, and that the record shows the trial court considered all factors noted by petitioner's current counsel. The habeas court also found that the issue of failing to move for dismissal of Count One of the indictment was addressed on direct appeal, and this Court determined that no error occurred because time was not an essential element of the crimes for which petitioner was charged. The habeas court also found that petitioner was fully aware of the State's second plea offer prior to its expiration. Lastly, petitioner argued that the trial court erred by holding a hearing without petitioner being present. The habeas court determined that the hearing was an administrative conference, and petitioner's presence was not required. On January 31, 2019, the habeas court

---

[3]Count One of the indictment reads as follows:

That MELVIN G. [S.] between the _ day of August 2009 and the _ day of September 2010 in the said County of Berkeley, State of West Virginia, did then and there unlawfully, intentionally and feloniously engage or attempt to engage in sexual intercourse, sexual intrusion, or sexual contact with [the victim], the said [victim] then being a minor child under the care, custody or control of the said MELVIN G. [S.], her parent, guardian, or custodian, in violation of Chapter 61, Article 8D, Section 5(a) of the West Virginia State Code, as amended, against the peace and dignity of the State.

2

summarily denied petitioner's petition for a writ of habeas corpus. It is from this order that petitioner appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W. Va. 375, 701 S.E.2d 97 (2009).

In his first assignment of error, petitioner asserts that the habeas court erred in denying habeas relief due to prejudicial statements made at trial by the prosecution in closing arguments and rebuttal. He asserts that the prosecutor stated that petitioner never denied committing the crimes for which he was charged, that the victim's testimony was unrefuted, and that the victim's mother questioned petitioner about the case but received no answer. Petitioner argues that these statements violated his Fifth Amendment right to remain silent. Petitioner relies on *State v. Sugg*, 193 W. Va. 388, 456 S.E.2d 469 (1995), where this Court identified the four factors to determine whether an improper comment by the prosecution is so damaging as to require reversal. Those factors are

> (1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; and (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters.

*Id.* at 393, 456 S.E.2d at 474.

Petitioner argues that the prosecution clearly commented on his decision to remain silent, thus satisfying the first prong of *Sugg*. He states that the prosecution argued that there was no evidence offered to rebut the victim's testimony, that Petitioner did not deny committing the crimes, and that the victim's mother questioned Petitioner regarding the charges but received no answer. Petitioner further argues that the record shows that the comments were not isolated remarks and that, since they were repeated in both closing and rebuttal arguments, they were clearly deliberate. We find no error.

This Court has previously held that "[i]f either the prosecutor or defense counsel believes the other has made improper remarks to the jury, a timely objection should be made coupled with a request to the court to instruct the jury to disregard the remarks." Syl. Pt. 10, *State v. Davis*, 205 W. Va. 569, 519 S.E.2d 852 (1999) (citation omitted). "Failure to make timely and proper objection to remarks of counsel made in the presence of the jury, during the trial of a case, constitutes a waiver of the right to raise the question thereafter either in the trial court or in the

appellate court." *Id*. at 573, 519 S.E.2d at 856, Syl. Pt. 11 (citation omitted). Therefore, petitioner "cannot argue for the first time on appeal that the prosecutor made improper remarks during the State's . . . closing argument." *Id.* at 586, 519 S.E.2d at 869. Here, petitioner's trial counsel failed to object to the prosecution's remarks during closing arguments. Similarly, on direct appeal, petitioner's appellate counsel failed to allege any error made by the prosecution during closing arguments.

This Court has noted that an error that was readily apparent at the time it was alleged to have been committed is subject to waiver. *See Ford v. Coiner*, 156 W. Va. 362, 367-68, 196 S.E.2d 91, 95 (1973). Petitioner's allegations of improper prosecutorial remarks should have been readily apparent at the time the alleged error occurred. As petitioner failed to raise the issue on direct appeal, and failed to explain why he did not raise the issue on direct appeal, we find that this assignment of error has been waived. Moreover, even if petitioner's first assignment of error were to be considered on the merits, he is entitled to no relief because (1) the remarks did not specifically reference petitioner's decision to remain silent, (2) the remarks were isolated, (3) there was overwhelming evidence presented as to petitioner's guilt, and (4) the comments at issue were comments on the evidence introduced at trial and not deliberate attempts to call attention to petitioner's failure to testify. In fact, petitioner entirely fails to address the fourth prong of *Sugg* in his brief to this Court.

Because petitioner's second, third, and fourth assignments of error all involve ineffective assistance of counsel, we address them together. Petitioner argues that the victim testified at trial that the sexual abuse by petitioner took place between August of 2009 and September of 2010. Petitioner asserts that Count One of the indictment[4] regards an event that took place in July of 2009. Therefore, trial counsel should have moved for a judgment of acquittal regarding Count One of the indictment. Petitioner next argues that trial counsel was ineffective in failing to advocate for leniency at sentencing. He asserts that his trial counsel made no recommendations, did not request a sexual offender risk assessment, and presented no mitigating circumstances at sentencing. He argues that an omnibus hearing was necessary to address this issue. Lastly, petitioner asserts that trial counsel was ineffective for failing to communicate the State's second plea offer to him. He states that had he been aware that such an offer was made, he would have accepted the plea deal.

Claims of ineffective assistance of counsel are governed by the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), which states that, in order to prevail on a

---

[4]Count One of the indictment states

[t]hat MELVIN G. [S.] between the _ day of August 2009 and the _ day of September 2010 in the said County of Berkeley, State of West Virginia, did then and there unlawfully, intentionally and feloniously engage or attempt to engage in sexual intercourse, sexual intrusion, or sexual contact with [the victim], the said [victim] then being a minor child under the care, custody or control of the said MELVIN G. [S.], her parent, guardian, or custodian, in violation of Chapter 61, Article 8D, Section 5(a) of the West Virginia State Code, as amended, against the peace and dignity of the State.

claim of ineffective assistance of counsel, petitioner must show that "(1) [c]ounsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syl. Pt. 5, in part, *State v. Miller,* 194 W. Va. 3, 459 S.E.2d 114 (1995). Furthermore,

> [i]n reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

*Id.* at 6, 459 S.E.2d at 117 (1995). This Court "always . . . presume[s] strongly that counsel's performance was reasonable and adequate[,]" and

> [t]he test of ineffectiveness has little or nothing to do with what the *best* lawyers would have done. Nor is the test even what most good lawyers would have done. We only ask whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at the time, in fact, worked adequately.

*Id.* at 16, 459 S.E.2d at 127. Certainly, with the benefit of hindsight, "one always may identify shortcomings, but perfection is not the standard for ineffective assistance of counsel." *Id.* at 17, 459 S.E.2d at 128.

Based on our review of the record, we find that trial counsel was not ineffective for failing to challenge the sufficiency of Count One of the indictment. On direct appeal of his conviction, petitioner challenged the sufficiency of Count One of the indictment because it did not contain definitive dates, and this Court found that

> we addressed that issue in *State v. David D.W.*, 214 W.Va. 167, 588 S.E.2d 156 (2003). In *David D.W.*, the defendant asserted that his 206 count indictment—which included multiple counts of sexual abuse by a parent, guardian, or custodian—was insufficient because it lacked specific dates on which the alleged offenses purportedly occurred. *Id.* at 172, 588 S.E.2d at 161. This Court disagreed and concluded that the indictment was sufficient pursuant to West Virginia Code § 62-2-10, which provides that "[n]o indictment or other accusation shall be quashed or deemed invalid . . . for omitting to state, or stating imperfectly, the time at which the offense was committed, when time is not of the essence of the offense[.]" This Court concluded that, because time was not an element of the sexual crimes charged against the defendant, the lack of definitive dates did not render defendant's indictment legally insufficient. Based on our ruling in *David D.W.*, we likewise find in the case sub justice [sic] that the absence of definitive dates in petitioner's

indictment does not affect its legal sufficiency because time was not an essential element of the crimes charged against petitioner.

*Melvin S.,* 2014 WL 1272538 at *5.

We further find that trial counsel was not ineffective for failing to advocate for leniency at sentencing by offering mitigating circumstances. The habeas court determined that petitioner had previously been charged with thirteen misdemeanors, mostly involving domestic violence or weapons. The habeas court further noted that the record was nearly devoid of mitigating circumstances. It found that petitioner began raising the victim with she was three years old, and she called him "daddy." He began sexually abusing her when she was thirteen years old and only stopped when he was caught after impregnating her at age fourteen. The habeas court found that, in his pre-sentencing investigation report, petitioner did not take responsibility for his actions and merely said that he was "very sorry about what happened." Though he alleges that his trial counsel was ineffective for failing to offer mitigating circumstances at sentencing, petitioner fails to identify a single factor that could have helped his case. Further, petitioner's counsel ensured that petitioner was able to address the court at sentencing, and petitioner did so at length. The habeas court found it significant that the trial court ran some of petitioner's sentences concurrently, indicating that it did consider mitigating factors in petitioner's case. Accordingly, we find that petitioner has failed to satisfy the first prong of *Strickland/Miller*, and even if we assume that he satisfied the first prong, petitioner failed to show that the result of the proceeding would have been different.

Finally, we find that trial counsel was not ineffective for failing to communicate the State's second plea offer to petitioner. The record below reflects that petitioner declined the State's first plea offer. During the pre-trial hearing on October 9, 2012, the State read the entire second plea agreement for the record. Petitioner was present at that hearing. Petitioner's counsel informed the trial court at that time that the deadline for the plea agreement had been extended an extra day so that he could discuss the offer with petitioner. It is obvious that petitioner was aware of the second plea offer prior to its expiration, and petitioner therefore failed to satisfy the first prong of *Miller/Strickland*. Based upon all of the above, we find that the habeas court did not err in concluding that trial counsel was not ineffective.

Petitioner next argues that the habeas court committed reversible and prejudicial error when it failed to grant petitioner habeas relief on the basis that he was absent from a critical stage of the proceedings. Petitioner argues that he was not allowed to appear at a June 18, 2012, pre-trial hearing. He asserts that the hearing regarded DNA testing and that he was not "present to be more vocal requesting that his son's DNA be evaluated" or to request the victim's medical records. Petitioner argues that such evidence was critical to his case and, therefore, the hearing was a critical stage of the proceeding. We disagree.

Pursuant to Article III, Section 14 of the *West Virginia Constitution*, a petitioner "has a right to be present at all critical stages in the criminal proceeding; and when he is not, the State is required to prove beyond a reasonable doubt that what transpired in his absence was harmless." Syl. Pt. 6, in part, *State v. Boyd*, 160 W. Va. 234, 233 S.E.2d 710 (1977). "A critical stage of a

criminal proceeding is where the defendant's right to a fair trial will be affected." Syl. Pt. 2, *State v. Tiller,* 168 W. Va. 522, 285 S.E.2d 371 (1981).

On June 4, 2012, the trial court held a pre-trial hearing for which petitioner was present. At that hearing, the parties discussed the victim's medical and other confidential records. The parties also discussed the release of records from West Virginia University Hospital regarding the victim's abortion and the DNA sample taken of the fetus. Petitioner's counsel ultimately agreed to leave certain records sealed. On June 18, 2012, the parties attempted to enter an order with the court for the release of the West Virginia University Hospital records. Petitioner was not present for that hearing. The trial court called the parties together on that date because some records subject to release were among the confidential records that the parties previously agreed to leave sealed. The purpose of the hearing was to clarify that the parties wanted only the West Virginia University Hospital records pulled from the sealed records and distributed. The parties agreed and a discussion was had regarding the method of distribution.

We have held that

[e]ntry of routine orders filing motions or court orders involving clerical or administrative matters in connection with the criminal proceeding do not require the presence of the accused. Likewise, consultation between defense counsel, the prosecutor and the court prior to the actual trial are not deemed a critical stage. Because of the impact of the right to a speedy trial, matters surrounding a continuance should require the presence of the defendant.

*State v. Boyd*, 160 W. Va. at 246, 233 S.E.2d at 719.

Accordingly, we find that the June 18, 2012, hearing was not critical to petitioner's case. Rather, it was administrative in nature. The hearing was held to clarify the parties' wishes regarding the victim's medical records, which were discussed on June 4, 2012, when petitioner was present. The only action the trial court took on June 18, 2012, was to ask the parties for clarification about the records. Since the hearing was not critical, petitioner's presence was not necessary. We therefore find no error.

In his last assignment of error, petitioner argues that the habeas court erred in summarily denying his petition for a writ of habeas corpus without holding an omnibus evidentiary hearing. He asserts that he should have been granted an omnibus hearing to address trial counsel's ineffective assistance of counsel, failure to offer mitigating circumstances at trial, and failure to communicate the second plea offer to petitioner.

The decision whether to hold an omnibus hearing is within the discretion of the circuit court. In Syllabus Point 3 of *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016) we held:

"'A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is

entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W. Va. 698, 601 S.E.2d 18 (2004).

The habeas court determined that petitioner's petition for a writ of habeas corpus, his third such petition, was meritless. After reviewing all grounds alleged in the petition, the habeas court concluded in the order now on appeal that,

> "[p]etitioner fails to allege any set of facts in this habeas corpus proceeding upon which relief may be granted. No evidentiary hearing is required for the [c]ourt to make its findings and conclusions because all of the matters alleged can readily be determined by reference to the record in State v. Melvin G.[S.], Case Number 10-F-163."

We concur with the habeas court. As stated above, petitioner's arguments for habeas relief are without merit. Petitioner failed to establish, under *Sugg,* that the prosecution's remarks violated his right to remain silent. He also failed to show that he received ineffective assistance of counsel regarding the failure to move for a judgment of acquittal as to Count One of the indictment, failure to advocate for leniency at sentencing, or failure to communicate the State's second plea offer. Lastly, petitioner failed to establish that his absence from the June 18, 2012, hearing was in error. Because petitioner's arguments for habeas corpus relief are meritless, the habeas court did not err in summarily dismissing his petition without holding an omnibus evidentiary hearing.

For the foregoing reasons, we affirm the habeas court's January 31, 2019, order.

Affirmed.

**ISSUED:**  April 6, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

8